[No. 35.  First Appellate District.—May 26, 1905.]

In the Matter of the Estate of JACKSON SYLVAR, Deceased. CITY BANK and CITY SAVINGS BANK, Appellants, v. JOSEPH L. ENOS, Administrator, Respondent.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF ADMINISTRATOR—NEGLECT IN SETTLEMENT OF ESTATE—PRESUMPTIONS—BURDEN OF PROOF.— Upon the settlement of the third annual account of an administrator, where the administrator is sought by creditors to be charged with neglect for an unreasonable time to have the money on hand distributed or paid to creditors, and his letters are sought to be revoked, where it does not appear that the administrator has willfully or negligently caused the delay, and there was litigation, which went to the supreme court, and no disobedience appears to the orders of the court, all presumptions are in favor of the regularity of the management of the estate by the administrator; and the burden is on the contesting creditors to prove the negligence alleged.

ID.—DEPOSIT OF MONEY WITH INDIVIDUAL.—The mere deposit of money by the administrator with an individual, who used it to some extent in his business, is not ground for removal or penalty where it does not appear that the administrator consented or was privy to such use and the administrator used no part of the money nor received anything for its use.

ID.—CHARGE FOR INTEREST NOT INCLUDED IN GROUNDS OF CONTEST.— Where a charge for interest against the administrator was not included in the grounds of contest against the account by the creditors, it cannot be considered. Such charge, either as a penalty for delay in settling the estate, or for deposit of the money with an individual, is not included in a specification that the administrator ''has not accounted for all the estate which has come to his possession.''

ID.—DUTY OF COURT TO ORDER PAYMENT OF DEBTS.—Where the account shows money on hand, it is the duty of the court to order the payment of the debts, as circumstances may require; and it was error for the court to deny such order to the extent that the funds on hand would justify.

APPEAL from orders of the Superior Court of Santa Cruz County settling the third annual account of an administrator and refusing to revoke letters of administration. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, Jr., for Appellants.

Lindsay & Cassin, for Respondent.

COOPER, J.—Two appeals from orders of the superior court are brought up in this record; the one from an order settling the third account of the administrator, and the other from an order refusing to revoke the letters of administration.

The account purported to give a detailed and itemized statement of all sums received and of all amounts paid out during the period covered by it. This account was contested by appellants, creditors of the estate, who filed their objections in writing to "each and every item of disbursements therein contained, except the items of taxes, upon each of the following grounds, to wit:—

"1. That in rendering said account said administrator did not produce or file vouchers therefor.

"2. That said administrator did not pay the same.

"3. That such item is not an expense of administration of said estate.

"4. That the charge thereof is excessive and more than the reasonable value thereof.

"5. That such item is not a proper or legal charge.

"6. That such item is not a necessary expense of administration.

"7. That said administrator has not accounted for all the estate of said deceased which has come to his possession."

The bill of exceptions shows that upon the hearing "each and every item set forth in said account was proven by competent testimony to be true, with the exception of those items the consideration of which has been continued until the hearing of the final account in said matter."

Appellants do not now attempt to attack any item in the account, nor do they claim that the finding as to any item is unsupported by the evidence.

The main contention is, that the administrator has neglected for an unreasonable time to have the money on hand distributed or paid to the creditors, and that he deposited the money on hand with one Hoffman, who mingled it with his own and used it to some extent in his own business. In regard to the delay, while it is true the estate has

been pending several years, there is nothing in the record to show that the administrator has willfully or negligently caused the delay.    There are many cases in which the settle-ment of estates is unavoidably delayed, without the fault of the administrator.    In this case it appears that there was litigation which went to the supreme court.    In all cases where the administrator is called upon to pay the penalty of his neglect by being charged with interest or by removal from his trust, it is incumbent upon the party alleging such neglect to prove it.    All presumptions are in favor of the regularity of the management of the estate by the adminis-trator.    Here the administrator appears to have paid a divi-dend to the creditors as ordered by the court; and to have obeyed all orders of the court in the estate.    The account filed is the third account, and each and every item was found to be correct.    There was still on hand undisposed of at the time of the hearing in the court below property of the ap-praised value of $2,750.

In regard to the money having been deposited with, and to some extent used by, Hoffman, it does not appear that the administrator consented to, or was in any way privy to such use.    The administrator never used any of the money him-self nor received anything for its use.    We are not prepared to say that an administrator may not deposit the funds of the estate with a private banker or with an individual.    In many cases it would be the safer course to do so.    But, aside from this, a conclusive answer to appellants' claim that the administrator should be charged with interest, is the fact that no such claim is stated in the written grounds of contest. The code provides (Code Civ. Proc., sec. 1635) : "On the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the es-tate may appear and file his exceptions in writing to the account, and contest the same."    The object of the section is that an issue shall be made in the trial court as to the items contested, or with which it is sought to charge the admin-istrator. It was intended that the administrator should know the items contested or the matters in regard to which he is claimed to have been delinquent, so that he may come into court with his evidence prepared to meet or explain any exception taken to his account.    The issues are thus made by

the verified account and the written exceptions filed to it.
The method is simple, and designed to save the time of the
court being taken up by uncontested matters.

In the *Estate of More*, 121 Cal. 639, [54 Pac. 148], the
same view was taken, and it was there said the person de-
siring to contest the account of an executor or administrator
"must file his exceptions in writing to the account, setting
out specifically the grounds of his objections, and at the
hearing he should be held limited to the exceptions so pre-
sented."

Appellants contend that the claim that the administrator
should be charged with interest is supported by the state-
ment "that said administrator has not accounted for all the
estate of said deceased which has come to his possession."

Under the most liberal rules of pleading we could not hold
that a penalty for delay in settling an estate, or interest al-
lowed as a penalty for depositing the money with Hoffman,
is "estate which has come to his possession." The adminis-
trator has received no interest, profit, or income from the
estate. It has been said that in the absence of exceptions the
court may inquire into any matter in the settlement of an
account which may seem objectionable, and may pass judg-
ment thereon; but such rule does not apply to any matter by
which it is sought to impose a penalty upon the adminis-
trator, nor to cases where the parties have appeared and
made their objections in writing, as they did in this case.

The law provides (Code Civ. Proc., sec. 1647) that "Upon
the settlement of the accounts of the executor or adminis-
trator, as required in this chapter, the court must make an
order for the payment of the debts, as the circumstances of
the estate require."

The section evidently makes it the duty of the court, when
there is money on hand, to make an order for the payment
of the debts. If there are not sufficient funds on hand with
which to pay the debts the court must specify in the decree
the sum to be paid to each creditor. Here the account shows
a balance of cash on hand of $6,757.47. The court refused to
make an order for the payment of the debts of the estate, but
made an order directing the administrator "to close the said
estate and have the proceeds thereof distributed among the
creditors at the earliest possible date." Petitioners were
creditors in a large amount, and asked for an order to the

administrator for the payment of the debts of the estate. They were entit'ed to such order, or to an order directing a dividend to the extent that the funds on hand would justify.

The order refusing to revoke the letters of administration was correct for the reasons herein stated in discussing the appeal from the order allowing the account. A further separate discussion of the latter order would serve no useful purpose.

The order, in as far as it settles the account, is affirmed. The order, as to a distribution of the unsold estate and denying a dividend to the creditors, is reversed, and the court directed to amend and modify its order so as to direct a dividend to the creditors in accordance with the views herein expressed.

The order refusing to revoke the letters of administration is affirmed.

Appellants are entitled to their costs on this appeal.

Hall, J., and Harrison, P. J., concurred.