[Civ. No. 9883.   First Appellate District, Division Two.—September 4,
1935.]

In the Matter of the Estate of MINNA V. REED, Deceased.
CALIFORNIA ASSOCIATION OF THE NEW JERU-
SALEM, Appellant; HARVEY S. CRAIG, Respondent.

David McC. McKell for Appellant.

Harvey S. Craig, *in pro. per.*, for Respondent.

NOURSE, P. J.—On March 7, 1934, the probate court entered its decree of settlement of final account and of final distribution. On April 30, 1934, an order was entered vacating the decree of distribution and the executor was directed to file a supplemental petition for distribution. On June 1, 1934, a supplemental petition was filed from which it appeared that a number of specific legacies should carry interest under the provisions of section 162 of the Probate Code. On the day following objections were filed by the residuary legatee to the first and final account and to the supplemental petition for distribution. This supplemental petition was heard in due course and, on June 21, 1934, a new decree was

entered under which the executor was ordered to pay to the named legatees "out of the property of the estate" specific amounts as legacies and interest thereon. At the request of the residuary legatee all the residue was held undistributed until determination of its objections. On July 31, 1934, the residuary legatee filed a petition to surcharge "the first and final account" with the interest ordered paid to the legatees. On November 14, 1934, an order was filed denying the objections and the petition to surcharge the account. The residuary legatee has appealed from the order denying its petition to surcharge the executor's account, and "from that portion of the order of distribution made and entered the same date".

The appeal presents questions of procedure alone. ■ When the final account was settled and the decree of distribution was entered without provision for interest to the general legatees their remedy was to set aside the decree of distribution and petition for interest on their several legacies. (*Estate of Willey,* 140 Cal. 238 [73 Pac. 998].) This course was followed and the final account and the new decree of distribution became final and conclusive of all matters involved therein. This interest was ordered paid the general legatees without any finding of fault or neglect on the part of the executor; it was ordered paid "out of the property of the estate"; and no appeal has been taken from that part of the decree.

■ The remedy of the residuary legatee is different. It sought to charge the executor personally because of his neglect for an unreasonable time to pay the general legatees. This is a matter to be heard on settlement of the executor's account. (*Estate of Sylvar,* 1 Cal. App. 35, 37 [81 Pac. 663].) When the final account was settled the question of interest had not been raised, but it was raised in ample time to enable the residuary legatee to move to set the account aside and reopen the settlement. It was an idle act to file objections to this account after it had become settled.

■ The order appealed from must be affirmed for these reasons: that part of the order denying appellant's motion to surcharge the executor's account is not an appealable order (sec. 1240, Probate Code) ; if there be any doubt as to whether this order is appealable, the order must be affirmed because, since the alleged delinquency of the executor is an issue of

fact, and, since none of the evidence has been brought up, we must assume that the probate court had sufficient evidence before it to support its order; ▉ that part of the order denying appellant's objections to the supplemental petition for distribution has been foreclosed by the supplemental decree granting the petition and from which no appeal was taken. That portion of the supplemental decree of distribution from which the appeal is noticed is not supported by either record or evidence and no attack is made upon it in any of the briefs.

The orders are affirmed.

Sturtevant, J., and Spence, J., concurred.