[Civ. No. 15326.   Second Dist., Div. Two.   July 2, 1946.]

ROSE LITT, Respondent, v. ISADORE LITT, Appellant.

Bertram H. Ross for Appellant.

Jay Gralla for Respondent.

MOORE, P. J.—Basing her action upon extreme cruelty plaintiff demanded an interlocutory decree of divorce, the community property and her support and maintenance. She alleged that the duration of the marriage had been 3 months and 22 days. In addition to his general denial defendant alleged that the parties had theretofore adjusted their property rights by an agreement and that it had been fully consummated. The decree confirmed plaintiff's ownership of $2,025 and defendant's separate ownership of a Pontiac sedan in accordance with their property settlement. It was further decreed "That the apartment heretofore occupied by the parties hereto located at 3456¼ Plata Street, Los Angeles, California, is awarded to the plaintiff; that the defendant is hereby ordered to vacate said apartment on or before the 15th of December, 1945."

The property settlement agreement contained no mention of the apartment. It had for some years been under lease to respondent. She resumed her tenancy after her separation from appellant about September 30, and her possessions were there. A week thereafter appellant called upon and engaged her in conversation relative to the apartment. By falsely stating to her that he was sleeping in his automobile and that he would like to sleep in her apartment until he could find a place, he induced her to submit to his sole occupancy "for a few days" and he remained. Having found such facts the court made the award contained in the quoted paragraph from which defendant appealed.

In support of his contention that the evidence is "insufficient to support the finding that respondent was entitled to the possession of the apartment" appellant argues (1) that following the marriage they resided in his apartment but respondent insisted that they leave the place and enter the Plata Street apartment; (2) that after the separation he remained in the Plata Street location and paid the rent; (3) that while the parties were in the midst of litigating the issue as to which was entitled to possession of the apartment the court "decided no more time would be allowed for the matter" and ordered the judgment.

The record discloses that the court was neither abrupt nor arbitrary in hearing the evidence. There was nothing so complex or unusual about the facts as to render them difficult of comprehension or to require a repetition of the testimony.

While a trial court must be fair in affording litigants full opportunity to present their proofs (*Rosenfield* v. *Vosper*, 45 Cal.App.2d 365 [114 P.2d 29]) it is not obliged to permit a repetition of testimony which has already fully presented the facts. (3 Am.Jur. 531, 532; *McCormick Saeltzer Co.* v. *Grizzly Creek Lumber Co.*, 74 Cal.App. 278, 285 [240 P. 32]; *Reay* v. *Reay*, 97 Cal.App. 264, 281 [275 P. 533].) When the court announced that it had heard enough appellant made neither protest nor offer of proof. He had completed his testimony when his counsel requested leave to "find out one thing from the lady." Whether he referred to respondent or to her landlady who had testified in her behalf he did not make clear. But both had been generously cross-examined. The recall of a witness for further cross-examination is a matter within the court's discretion. No ruling of the trial court upon rejection of suggested evidence will be disturbed on appeal in the absence of an offer of proof at the time.

Neither irregularity in the proceedings nor misconduct on the part of a trial judge is deemed a departure from the due and orderly method of adjudicating an action unless the substantial rights of a party have been materially prejudiced. (Const., art. VI, § 4½; *Koyer* v. *Willmon*, 12 Cal.App. 87, 92 [106 P. 599].) While the court was trying the case as a default it granted appellant leave to file his answer and to furnish evidence on a subsequent day of his asserted right without contesting respondent's demand for divorce. This was done. More than half of the time given to the entire case was consumed by the inquiry into appellant's claim.

■ After the complaint had been filed appellant met respondent in the office of her counsel where after some conversation concerning their differences appellant said: "Well, if you pay for the divorce, one or the other, you pay for the divorce and I keep the apartment or you keep the apartment and I pay for the divorce." (He evidently intended the reverse.) To such proposal she replied: "No, that apartment cannot be given up; I will pay for the divorce." After gaining sole possession by his trick and device appellant decided to remain permanently and thereafter denied respondent the privilege of crossing the threshold notwithstanding the facts established by respondent's testimony that she had paid the rent during his occupancy, kept her possessions there, occupied the apartment for five years prior to her marriage and had retained her lease on it for her sister's return from overseas service with the army. The court's finding of the truth of respondent's testimony is therefore amply supported. Its conclusion that she is entitled to occupy the apartment as against the claims of appellant is a logical sequitur.

■ If respondent had a property right in her tenancy it was either her separate property or a part of the community estate. If it had been acquired by her prior to her marriage it was her own and its award to her was a proper exercise of the judicial function for the settlement of a controversy and for the tranquillity of society. ■ If it was the homestead or any part of the community property the court was warranted in awarding it to the innocent spouse under charges of extreme cruelty. (Civ. Code, §§ 146, 147, 148.) ■ And even though it had been the separate property of appellant the court had authority to award it as support for the wife since their agreement did not by its terms definitely assign the item to one of them. (See *Ettlinger* v. *Ettlinger*, 3 Cal.2d 172, 178 [44 P.2d 540], and authorities there cited.)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.