[No. E010985. Fourth Dist., Div. Two. Aug. 11, 1993.)

LEO R. HOUGHTALING, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
ANTHONY J. ROSSI et al., Real Parties in Interest.

## COUNSEL

Leo R. Houghtaling, in pro. per., for Petitioner.

No appearance for Respondent.

John T. Borje for Real Parties in Interest.

## OPINION

**DABNEY, Acting P. J.**—In this case we decide an issue which has been the subject of considerable uncertainty in the courts of this state, but which, by its nature, has until now escaped review. We hold that in a proceeding conducted under the Small Claims Act (Code Civ. Proc., § 116.110 et seq.[1]), relevant hearsay evidence is admissible subject only to those limitations contained in Evidence Code section 352 and the law of testimonial privileges. The trial court then exercises its sound discretion in determining the weight to which the evidence is entitled. Accordingly, in this case we hold that the trial court erred, and grant the relief requested by petitioner.

### PROPRIETY OF REVIEW

As a matter of procedure, we explain the route by which this case reached this court. Petitioner Leo R. Houghtaling brought an action in the small claims court against defendants Anthony Rossi and Tony Rossi, doing business as Rossi Automotive Marine & Transmissions (hereinafter sometimes Rossi). Judgment was rendered for petitioner, and defendants appealed. (§ 116.710.) After a trial de novo, the superior court rendered judgment for defendants. (§§ 116.770, 116.780.)

This judgment was not subject to appeal by Houghtaling. (§ 116.780.) However, due to the informal nature of small claims proceedings, no precedential decision can ever be rendered in proceedings governed by the act. Thus, if law is to be made settling significant issues of small claims law or procedure, the appellate courts must have jurisdiction to entertain petitions for extraordinary review in appropriate instances. (*Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167].) We think this is such an instance, and therefore consider Houghtaling's petition on the merits.

[1]Unless otherwise noted, all subsequent statutory references are to the Code of Civil Procedure.

## STATEMENT OF THE CASE

Petitioner's claim against defendants involved Rossi's allegedly negligent repair of a vehicle owned by Houghtaling. It appears that after the work was done by Rossi, the vehicle developed further problems while located in the State of Nebraska, and was there presented to a mechanic for repair. (It was eventually sold, allegedly for far less than its value had it been in proper condition.)

In the original small claims proceeding, the docket indicates that petitioner was permitted to introduce a notarized statement from the mechanic who worked on the vehicle in Nebraska, separately signed by the owner of the repair facility. This statement included the opinion that the vehicle's later malfunctioning was due to improper work done by Rossi.

In the superior court, at the hearing de novo, the trial court refused to accept this evidence. According to the petition, the court stated that it operated "under Superior Court rules of procedure" and that no evidence could be presented from a witness who was not subject to cross-examination.[2]

## DISCUSSION

First, we explain that we decide only the legal issue presented by petitioner with respect to the admissibility of hearsay evidence. In the petition, Houghtaling makes unsupported assertions and innuendo concerning both Rossi's motive for "arranging" to have the matter heard before Judge Joseph Johnston, and that judge's alleged bias in favor of Rossi. Such matters are entirely outside the record and we do not consider them.[3]

As noted above, the nature of small claims proceedings results in a paucity of published authority on any issues relating to such proceedings. The texts and bench aids tend to list customary practices and variations without setting forth a great deal of substantive authority for such practices. For example, in the California Judges' Benchbook for Small Claims Court and Consumer Law (2d ed. 1989), the writers could provide nothing more helpful with respect to our issue than to say that some courts allow all hearsay, and some

---

[2]The hearing was not reported. However, Rossi does not contest that the statement was in fact excluded, despite the indication on the minute order that some sort of exhibits were received into evidence.

[3]On remand, if the matter is reassigned to Judge Johnston, petitioner will have the opportunity to file an affidavit pursuant to section 170.6 or 170.3, subdivision (c).

allow some of it, while citing no authority for either approach.[4] However, we do not write on a clean slate; the Courts of Appeal and our Supreme Court have on several occasions addressed themselves to specific issues of small claims proceedings. As most recently confirmed in *Crouchman* v. *Superior Court* (1988) 45 Cal.3d 1167 [248 Cal.Rptr. 626, 755 P.2d 1075]), the current trend of the law is to defer to the intent of the Legislature, as grounded in historical perspective, to create an informal and flexible forum in which disputes over modest sums of money may be resolved without the necessity for incurring disproportionate expenses or consuming undue amounts of time. (See also *City and County of San Francisco* v. *Small Claims Court* (1983) 141 Cal.App.3d 470, 474 [190 Cal.Rptr. 340].) The small claims system is a response to that quandary described by Dean Pound: "For ordinary causes, our contentious system has great merit as a means of getting at the truth. But it is a denial of justice in small causes to drive litigants to employ lawyers, and it is a shame to drive them to legal aid societies to get as a charity what the state should give as a right." (Pound, *The Administration of Justice in the Modern City* (1913) 26 Harv. L.Rev. 302, 318.) We approach the question from this starting point.

Recognizing the goal of providing justice in small matters at a reasonable cost, the courts of this state have upheld provisions in the statutes governing small claims actions which restrict what are recognized otherwise as substantial, even constitutional, rights. Thus, the denial of any right to appeal for a plaintiff has been sustained (*Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 387 [264 P. 488]), as has the prohibition against representation by counsel. (*Prudential Ins. Co.* v. *Small Claims Court* (1946) 76 Cal.App.2d 379, 383-384 [173 P.2d 38, 167 A.L.R. 820].) And while these cases sometimes stressed that the restrictions were justified either by the plaintiff's election to submit to the small claims procedures, or the availability of expanded rights in a trial de novo, in *Crouchman* v. *Superior Court, supra,* the court relied on history and the purpose of the small claims court in its holding that the Legislature could validly provide that no jury trial should be had even at the de novo level.

In the context of hearsay, it cannot be gainsaid that the right to require the witnesses against one to appear in court, and that they be subject to cross-examination, is of major importance in our system of jurisprudence. (See *Englebretson* v. *Industrial etc. Com.* (1915) 170 Cal. 793, 798 [151 P. 421].) The opportunity for cross-examination has been called " 'the greatest legal

---

[4]As the primary objection to hearsay is that such evidence is not subject to cross-examination, it is worth noting that courts have routinely restricted or forbidden cross-examination in small claims matters. (See Comment, *The California Small Claims Court* (1964) 52 Cal.L.Rev. 876, 881, fn. 58.)

engine ever invented for the discovery of truth.' " (*People* v. *Reynolds* (1984) 152 Cal.App.3d 42, 46 [199 Cal.Rptr. 379], quoting 5 Wigmore, Evidence (3d ed. 1940) The Hearsay Rule Satisfied: By Cross-Examination, § 1367, p. 29.) However, the prohibition of hearsay evidence is far from all-encompassing even in litigation pursuant to the usual rules of evidence (see exceptions, e.g., Evid. Code, § 1220 et seq.), and the nature of small claims proceedings makes an even looser rule appropriate. ███ It is to be noted that although Evidence Code section 1200 bars hearsay evidence "except as provided by law," "law," in this context, includes decisional law. ███ Consequently, we are empowered to create, or recognize, an exception not specifically set forth in the statutes.[5] (*In re George G.* (1977) 68 Cal.App.3d 146, 155 [137 Cal.Rptr. 201].)

To begin with, section 116.510 provides that "[*t*]*he hearing and disposition of the small claims action shall be informal*, the object being to dispense justice promptly, fairly, and *inexpensively*." (The stressed language quoted goes back at least to 1933 and the enactment of former § 117h; see Stats. 1933, ch. 743.) While the term "informal" is not defined, in *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025], the court noted as one of the "chief characteristics" of this informality the fact that "there are . . . no legal rules of evidence." Although no authority for this proposition was cited (and although it was dicta), we must, of course, give due consideration to it—especially as *Sanderson* was quoted on the point in *Crouchman* v. *Superior Court, supra*, 45 Cal.3d at p. 1171.

Section 116.520 explicitly governs the introduction of evidence at the hearing, and acknowledges the parties' basic right to present evidence "by witnesses at the hearing." However, it also permits the court to allow for the taking of evidence at other times; more significantly, it allows the court to "consult witnesses informally and otherwise investigate the controversy with

---

[5]Section 116.540, subdivisions (d)-(g), makes provision for the representation of a party by a third person, and the presentation of declarations or other hearsay, in specified situations where the party's personal appearance would be burdensome or impossible—for example, in the case of a nonresident landlord plaintiff, or a plaintiff on active duty outside this state with the armed forces.

It can be argued that these provisions represent the only circumstances in which the Legislature deems hearsay to be appropriately admitted. We do not think such a limited interpretation of the section is consistent with the requirement in section 116.510 that hearings be conducted informally and inexpensively, as we discuss more expansively below. We also believe that the focus of section 116.540 is not on evidence, but on the appearance of a party, and the situations in which such an appearance may be excused.

We are particularly concerned by the dissent's willingness to countenance a bar on affidavits other than as specified in section 116.540. It would be anomalous to reject an affidavit offered in a minor fence dispute, while permitting matters of great moment to be decided upon such evidence. (See, e.g., § 437c, subd. (b), permitting several categories of hearsay evidence in summary judgment proceedings.)

or without notice to the parties." (§ 116.520, subd. (c).) While there are obviously some limits beyond which the court should not go, the statutes are clearly designed to afford both the parties and the court considerable flexibility in presenting their cases and ascertaining the truth.[6]

The typical hearsay statement is routinely excluded by the operation of Evidence Code section 1200 simply because its trustworthiness cannot be tested. This is certainly true of the affidavit submitted here; defendants had no means of challenging the declarants' expertise or honesty. The mechanic may have been incompetent, or bribed by petitioner.[7] In another case, there may be reason to suspect that the declarant is biased against the other party.

On the other hand, as mentioned above, the law permits the introduction of hearsay evidence in a large number of situations, despite the fact that cross-examination is, by definition, not available.

It is true that in most cases the exceptions are justified, expressly or impliedly, by the underlying theory that the nature of the hearsay statement carries some indicia of reliability. Thus, Evidence Code section 1230 defines a "declaration against interest" as a statement which, due to the likely deleterious personal consequences, "a reasonable man . . . would not have made . . . unless he believed it to be true." (See *Estate of Huntington* (1976) 58 Cal.App.3d 197, 210 [129 Cal.Rptr. 787].) A dying declaration is admitted (Evid. Code, § 1242) on the theory that a declarant is likely to tell the truth when faced with the immediate prospect of eternity. (*People* v. *Adams* (1990) 216 Cal.App.3d 1431, 1440 [265 Cal.Rptr. 568]; see also *Mattox* v. *United States* (1895) 156 U.S. 237, 244 [39 L.Ed. 409, 411, 15 S.Ct. 337].) However, some hearsay is made admissible simply as a matter of convenience or practical necessity, where no other means of proof is available; an example is the "family history" exceptions of Evidence Code section 1310 et seq. (*Estate of Hartman* (1910) 157 Cal. 206, 213 [107 P. 105].) These examples strengthen the position that hearsay is not always to be considered the pariah of the world of evidence, and this is further recognized

---

[6]In *Thompson* v. *Municipal Court* (1958) 162 Cal.App.2d 676, 678 [328 P.2d 514], the court refused to read these provisions to authorize the court to "take evidence" by a proxy, i.e., the court clerk. As a matter of due process and fundamental fairness, courts should tread carefully in obtaining evidence ex parte and then ruling without giving the adverse party the opportunity to respond to apparently damaging evidence so obtained. On the other hand, the Legislature has evidently recognized that small claims litigants sometimes present their cases so inexpertly that the trial court can best serve justice by using its own experience and resources to investigate the matter and evaluate the facts.

[7]In this case, the fact that the declarants submitted a sworn statement—thus subjecting themselves to penal liability if they lied—provided some indication of reliability, although admittedly the likelihood of prosecution was slim. As we will explain, we do not rest our decision on the level of reliability exhibited by the statement proffered in this case.

by the rule that hearsay evidence is competent to support a judgment, if admitted in the absence of any objection. (*Flood* v. *Simpson* (1975) 45 Cal.App.3d 644, 649 [119 Cal.Rptr. 675].)

None of the above objections to hearsay requires that it be excluded from small claims actions, while the exceptions support a rule recognizing its propriety in such proceedings. A respected commentator has observed that the hearsay rule, like other technical rules of evidence, is generally "not vigorously enforced" in bench trials. (1 Wigmore, Evidence (Tillers rev. ed. 1983) § 4d.1, pp. 213-214.) Indeed, the occasional resistance to this policy of relaxed rules is described by the author as "surprising persistence" or even "stubborn persistence." After all, there is no need for concern over the danger that the jury will overestimate the value of such evidence; the trial judge is routinely called upon to evaluate proffered evidence by balancing its probative worth against the danger that it will mislead the jury. (*Ibid.*) Thus, there is significant precedent for permitting the judge, in a small claims matter, to receive *all relevant evidence* and then determine its probative value.

A second point is more practical. It is repeatedly stated that small claims courts are designed for the unsophisticated petty litigant. (See e.g., *Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661, 669 [105 Cal.Rptr. 785, 504 P.2d 1249]—"inexperienced individual.") Volumes have been written on the hearsay rule, and the shelves are filled with judicial constructions and explanations. It is simply unrealistic to expect lay litigants to understand and abide by the formal rules of evidence. How is a lay plaintiff to be made to understand that the bill for services which he presents to show the repair costs for his damaged property must be authenticated as a business record? Or that the police report of an accident proves nothing in the eyes of the law? Nor would a strict enforcement of the hearsay rule serve the policies of speed and economy, if the result were to compel the parties to bring in numerous additional witnesses to testify in person. The parties might incur subpena and witness fees; on the other hand, in neighborhood matters, a party might be unwilling to antagonize a reluctant witness by compelling his appearance. In a case such as the one at bar, of course, the practical difficulties facing a party with out-of-state witnesses would often make an effective case or defense impossible, if hearsay testimony could not be presented. If the small claims court is to be the "People's Court," it must not be encumbered with rules and restrictions which can only frustrate and hinder the litigant who resorts to that court in response to its promise of speedy and economical justice. In the case of inexperienced pro se litigants, it is better to err on the side of admitting an ore-heap of evidence in the belief that nuggets of truth may be found amidst the dross, rather than to

confine the parties to presenting assayed and refined matter which qualifies as pure gold under the rules of evidence.

The approach suggested by the dissent would require the trial court to apply technical rules of evidence continuously through the hearing, and would probably mire down proceedings with a constant stream of explanations from the court—explanations which would rarely be understood and virtually never, we suspect, appreciated. Many losing litigants would focus on the exclusion of their proffered evidence as the cause of their defeat, and nurse the belief that they had not been fully heard and not received a fair trial. Unless evidence is inadmissible under one of the supervening policies we discuss below, it is better for the trial court to listen patiently, even if it is mentally classifying the evidence as improbable, incredible, or preposterous.

We also think it unlikely that, as suggested by the dissent, crafty small claims litigants will choose to present weak hearsay evidence rather than to provide witnesses available for cross-examination. If stronger evidence is clearly available, the trial court may draw the inference offered by Evidence Code section 412, and view the proffered evidence with distrust. A litigant clever enough to think of using flexible rules of evidence to his advantage will presumably also be wise enough to recognize the folly of not presenting as strong a case as possible.

We have considered whether to limit the court's duty and power to admit hearsay evidence along the lines suggested by Government Code section 11513, which governs administrative proceedings. That statute generally permits the introduction of "[a]ny relevant evidence . . . if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs . . . ." (See e.g. *Aengst* v. *Board of Medical Quality Assurance* (1980) 110 Cal.App.3d 275, 282 [167 Cal.Rptr. 796].) It also provides that hearsay alone will not support a decision. We have concluded that such a formal restriction is both unenforceable and, we trust, unnecessary, although we do hold that some of the limiting provisions of the statute are applicable to small claims proceedings.

■ Government Code section 11513 requires the tribunal to recognize the "rules of privilege," and we believe that this restriction is appropriately applied to small claims cases. The privileges established by the Evidence Code section 930 et seq., reflect important concerns of public policy, rather than concerns over reliability. (See, e.g., *Nowell* v. *Superior Court* (1963) 223 Cal.App.2d 652, 657 [36 Cal.Rptr. 21, 2 A.L.R.3d 853] [attorney-client]; *People* v. *Johnson* (1991) 233 Cal.App.3d 425, 437 [284 Cal.Rptr.

579] [confidential marital communications]; *In re Lifschutz* (1970) 2 Cal.3d 415, 436-437 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1] [psychotherapist-patient].) Thus, in a small claims proceeding, no party may be compelled to provide, over objection and a proper claim of the privilege, information covered by a statutory privilege, and no party may introduce such evidence absent an appropriate waiver.[8]

■ We also hold that the trial court retains the discretion under Evidence Code section 352 to exclude evidence which is cumulative, overly time-consuming, confusing or prejudicial and also to exclude evidence not relevant pursuant to Evidence Code section 350. Such a power may be particularly desirable in a forum in which the parties generally (even at trial de novo) appear in propria persona.[9]

■ It must be candidly admitted that the administration of rules governing small claims procedure are almost wholly dependent upon the good faith and conscientiousness of the trial courts, because, as we explained above, there is no provision for routine plenary review. An appeal results in a trial de novo, not a decision in which the lower court's procedures or conduct may be usefully and productively criticized. As proceedings are rarely, if ever, reported, there is little point in establishing detailed rules where errors would generally escape discovery and correction. It may well be for this reason that the Legislature has not seen fit to prescribe the actual conduct of the hearing in specific detail.

On the other hand, and more importantly, the system is designed to depend upon the commonsense ability of the judges to sort out relatively minor disputes. As mentioned above, the rules of evidence are commonly relaxed in court trials, a practice which reflects a recognition that judges are—and must be—trusted to treat questionable evidence in a fair and rational manner. We need not admonish judges not to rely on evidence to which no reasonable person could give any credence; this duty, and the ability to perform it, is inherent in the job.[10] Our holding places no restrictions upon the type or amount of relevant hearsay evidence which shall be

---

[8]The court must also be vigilant to prevent disclosure of possibly privileged material through inadvertence, and to ensure that the parties and witnesses are aware of their rights in this respect. We do not believe that silence, on the part of a layman, should be deemed a waiver of any privilege, and the court should elicit an informed, express waiver before such evidence is admitted.

[9]Evidence Code section 352 on its face applies only to trial by jury. However, its principles have been recognized as applicable as well to court trials, at least with respect to cumulative evidence. (See *Sparks* v. *Board of Dental Examiners* (1942) 54 Cal.App.2d 491, 495 [129 P.2d 405]; *Litt* v. *Litt* (1946) 75 Cal.App.2d 242, 244 [170 P.2d 684].)

[10]We certainly do not mean to imply that administrative law judges are more in need of a formal limitation on their ability to admit unreliable evidence. The point of Government Code

received, subject to the court's power under Evidence Code section 352 and its duty to respect and enforce the law of privileges.

■ Finally, we reject the position of the trial court that different rules apply on a trial de novo.[11] Section 116.770, subdivision (b) provides that hearings on the trial de novo "shall be conducted informally" and the statute expressly incorporates the statutes governing the original proceeding. In *Crouchman v. Superior Court, supra,* 45 Cal.3d 1167, 1172, the court, citing the predecessor statute to section 116.770, subdivision (b), recognized that the Legislature did not intend to provide for jury trials at either level. Although in other situations additional rights have been held required in the trial de novo (e.g. *Prudential Ins. Co. v. Small Claims Court, supra,* 76 Cal.App.2d 379, concerning the right to counsel), rules of evidence do not rise to this level of significance. The parties must be afforded the same latitude in the introduction of evidence at the hearing de novo as was applied in the original proceeding.

■ In summary, we hold that the trial court here erred in refusing to consider the affidavit by the Nebraska witnesses presented by petitioner; at least with respect to relevant hearsay evidence, we conclude that the court in *Sanderson v. Niemann, supra,* 17 Cal.2d 563 meant just what it said in observing that the rules of evidence do not apply in small claims proceedings. We have thoroughly reviewed the petition, the record, and the opposition filed by defendants, and have notified the parties of our intention to issue a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 176 [203 Cal.Rptr. 626, 681 P.2d 893].) We therefore now issue the writ as prayed, and remand the matter to the superior court for the conduct of a new hearing in conformity with this opinion.

McKinster, J., concurred.

TIMLIN, J., Concurring and Dissenting.—

I.

INTRODUCTION

I concur with the majority that the trial court erred in refusing to consider the Nebraska mechanic's affidavit for admission into evidence because it

---

section 11513 is obviously to broaden the category of admissible evidence; we think the limitation was an unnecessary statement of the obvious.

[11]From the record, it appears that the trial court excluded the declaration on its own motion. Especially where, as here, the other party was represented by counsel, it was unnecessary for the trial court to make its own objection to proffered evidence.

was hearsay, and that a writ should issue remanding the case for a new de novo hearing. A trial court, as here, may not arbitrarily refuse to admit all hearsay evidence on the sole basis that the court has a local rule prohibiting such evidence and only allowing as evidence in small claims proceedings testimony of witnesses who are subject to cross-examination.

However, I disagree with the majority's holding and would remand for a new de novo hearing with the direction that the trial court determine the admissibility of the affidavit based on a consideration of the applicability of any statutory or common law hearsay exceptions (exceptions) or, if none are applicable, a determination whether the content of the affidavit and the circumstances surrounding its preparation reflect sufficient indicia of reliability and trustworthiness to justify the court's consideration of the affidavit as evidence. If so, the affidavit is admissible and should be given whatever weight the court gives to it in evaluating all the evidence.

This is because, in my opinion, the majority is wrong when it holds that *all* relevant hearsay evidence, subject only to the applicability of Evidence Code section 352[1] and the law of testimonial privileges, must be admitted in both a hearing in the small claims court and in a de novo trial in the superior court (hereinafter collectively denoted small claims proceedings).

The majority's holding constitutes the adoption of a blanket and sweeping rule that all relevant hearsay evidence[2] is admissible in small claims proceedings without regard to whether such evidence is *reliable*. Although the majority does retain two evidentiary rules as qualifiers to the admissibility of all hearsay, i.e., section 352 and testimonial privileges, neither relates to the reliability and trustworthiness of such evidence. In its eager efforts to buttress its stated holding, the majority, in reliance on excised snippets of general statements from cases and commentators regarding the nature of hearsay and its exceptions, ventures beyond its holding and in effect states that *all* rules of evidence are inapplicable in small claims proceedings. It makes the extraordinary statement on page 1136, *ante*, of its opinion that: "Thus, there is significant precedent for permitting the judge, in a small claims matter, to receive *all relevant evidence* and then determine its probative value."

On pages 1136-1137, *ante*, of its opinion, it urges the concept that *all* evidence is admissible in small claims proceedings with the comment: "In the case of *inexperienced* pro se litigants, it is better to err on the side of admitting an ore-heap of evidence in the belief that nuggets of truth may be

---

[1] All further statutory references shall be to the Evidence Code unless otherwise stated.

[2] Hereinafter when hearsay evidence is mentioned, it is assumed that it is relevant evidence.

found amidst the dross, rather than to confine the parties to presenting assayed and refined matter which qualifies as pure gold under the rules of evidence." (Italics added.) This is a picturesque and enticing analogy, but the majority's suggestion that all proffered evidence (not just relevant hearsay) be admitted into evidence should have referred more appropriately to a "slag-heap" rather than an "ore-heap." In keeping with this metaphor, I extend my personal condolences to the assayer (judge) looking for trustworthy and competent evidence in the tonnage of documents and testimony deposited with her or him.

The majority culminates this expansive dicta on page 1139, *ante*, of its opinion with the statement: ". . . we conclude that the court in *Sanderson* v. *Niemann*, *supra*, 17 Cal.2d 563, meant just what it said in observing that the rules of evidence do not apply in small claims proceedings."

Such sweeping dicta misdirects the focus of the reader and is entirely unnecessary to a proper disposition of the narrow issue presented by this case. It is particularly surprising because the majority's holding, which is limited to the admissibility of relevant hearsay, does recognize the applicability of certain evidentiary rules which could preclude the admission of relevant hearsay, namely section 352 and privileges. My brief response to this startling stream of dicta is the centuries old evidentiary doctrine that only trustworthy and reliable evidence should be considered by the trier of fact. This basic principle is consistent with the purpose of small claims proceedings and the integrity of our judicial system (of which small claims proceedings are a component)—a system designed to issue sound and principled decisions. To produce such decisions, the rules of evidence, including hearsay, must apply, but need not be technically and strictly enforced in small claims proceedings as long as the *purpose* behind the rules is recognized and preserved.

Returning to the specific issue in this case, it is my opinion, as discussed in part A., *post,* that the total abolishment of the hearsay rule (rule) in small claims proceedings serves no useful purpose, adversely affects the litigants' perception of the fairness of small claims proceedings, results in unduly shifting the burden of producing evidence to the opponents of hearsay evidence, and changes the equal balance between plaintiffs and defendants[3] in such actions by making it easier for plaintiffs to introduce the evidence necessary to prove their case against defendants and more difficult for defendants to rebut such evidence.

Furthermore, as discussed in part B., the statutory scheme related to small claims actions indicates that the Legislature never intended to make the rule

---

[3]For the purposes of this concurring/dissenting opinion, "plaintiffs" include "cross-complainants" and "defendants" include "cross-defendants."

inapplicable to actions brought in small claims court. Although I agree with the majority that courts may create exceptions to the rule, I believe such exceptions should be created only when circumstances require it (as when, for example, a declarant is unavailable) and/or when the circumstances under which the hearsay statement was made indicate a reasonable probability that the statement is trustworthy (as when, for example, the statement was a spontaneous exclamation).[4] I do not believe that it is the province of the courts to abolish the rule for particular classes of civil actions, such as all small claims court actions, albeit in the name of expediency or economy; such policy concerns are the stuff of the legislative, rather than the judicial, decisionmaking process.

## II.

### DISCUSSION

A. *The Majority Has Not Established Any Persuasive Rationale for Complete Abolition of the Rule in Small Claims Proceedings, and Has Failed to Consider the Possible Negative Ramifications of Adopting Such a Holding*

"Except as provided by law," hearsay evidence is inadmissible. (§ 1200.) The basic theory behind the rule "is that the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the test of cross-examination." (*Buchanan* v. *Nye* (1954) 128 Cal.App.2d 582, 585 [275 P.2d 767].)

Exceptions to the rule may be found in various Evidence Code sections and in decisional law (see, e.g., *In re Malinda S.* (1990) 51 Cal.3d 368, 376 [272 Cal.Rptr. 787, 795 P.2d 1244]), and courts have the power to create additional exceptions to the rule "in the light of common law principles and the basic objectives of the statutes." (*People* v. *Spriggs* (1964) 60 Cal.2d 868, 872 [36 Cal.Rptr. 841, 389 P.2d 377].) These exceptions, which allow the admission of otherwise inadmissible-at-common-law hearsay statements, have been developed "in the light of the principle that 'the purpose of all

---

[4]On page 1135, *ante*, the majority opinion states ". . . some hearsay is made admissible simply as a matter of convenience or practical necessity, where no other means of proof is available . . ." and then cites as an example the "family history" exception in section 1310 et seq. This is an obvious contradiction. Such hearsay evidence is not admissible for the convenience of a party or practical necessity, such as to avoid the need of someone appearing in court to testify to fact(s) which the proponent of the hearsay may wish to prove. It is admissible because no testimonial evidence is available and, more importantly, because, by its very nature, it has sufficient indicia of trustworthiness.

rules of evidence is to aid in arriving at the truth, [and] if it shall appear that any rule tends rather to hinder than to facilitate this result . . . it should be abrogated without hesitation.' [Citation.]" (*Id.* at p. 874.) In keeping with this principle, when hearsay evidence is admitted, "it is usually because it has a high degree of trustworthiness. [Citations.]" (*Ibid.*)

In determining to create not simply a judicial exception to the rule, but to abrogate totally the rule in small claims court proceedings, the majority, while recognizing this long-accepted framework within which exceptions to the rule are created,[5] nonetheless chooses to cast aside all consideration of the principles underlying this framework simply because of the context within which this issue arises: the small claims court system.

Instead of focusing either on (1) whether total abolition of the rule in small claims actions destroys the underlying purpose of the rule, i.e., to provide that the trier of fact has reliable evidence upon which to ascertain the truth, or on (2) whether the bases for creating an exception to the rule are present, the majority instead focuses on "the goal of providing justice in small matters at a reasonable cost." (Maj. opn., *ante*, at p. 1133.) It also stresses as its own asserted "fact" that it is "unrealistic to expect lay litigants to understand and abide by the formal rules of evidence," a fact which is premised on the implicit assumption that the rule is of no use to litigants who have no formal legal training, and therefore there is no alternative, in proceedings involving lay litigants, but to totally abolish the rule. (Maj. opn., *ante*, at p. 1136.) In my opinion, neither of these two focal points or rationales justifies abrogating the hearsay rule in small claims actions.

1. *Abolishing the Rule Does Not Enhance the Goal of Small Claims Proceedings*

As to the majority's two assumptions: (1) the goal of small claims proceedings is to provide justice in small matters at a reasonable cost, and (2) this is best served by totally abolishing the rule:

First, the litigants' opinion of whether true justice has been dispensed obviously depends in large measure on whether they believe the court's decision was "rational," which in turn will depend in large part upon whether they perceive the decision to have been based upon reliable evidence. Across-the-board acceptance by the small claims court of hearsay

---

[5]The normal bases for judicially created exceptions to the rule are either because the declarant is unavailable for cross-examination or because the circumstances under which the statement was made indicates a high probability of trustworthiness, or both. (See 5 Wigmore on Evidence (Chadbourn rev. ed. 1974) §§ 1420-1423, pp. 251-255.)

evidence, such as the affidavit of an out-of-state "expert," who cannot be cross-examined as to his actual expertise, relationship to the parties, or personal knowledge, will tend to decrease the appearance of fairness which is necessary to encourage public use and acceptance of the small claims court system as a method of resolving disputes which, though involving relatively small monetary amounts, are often of serious concern to the parties involved.[6]

Second, the majority fails to explain how abolishing the rule furthers the goal of providing justice "at a reasonable cost." The Legislature has already provided that neither party may be represented by counsel in the small claims court, thus removing a major cost of litigation, i.e., attorney fees. (Code Civ. Proc., § 116.530, subd. (a).) It has also empowered the trial court to permit "evidence by witnesses" to be offered outside the hearing. (Code Civ. Proc, § 116.520, subd. (a).) This provides litigants with flexibility in presenting testimonial evidence and presumably will further reduce costs by allowing witnesses to testify at times which will not interrupt their work, or by allowing them to testify telephonically, rather than in person, thus saving the time and cost involved in traveling to the hearing. These cost savings are equally available to plaintiffs and defendants in small claims actions.

In contrast, disallowing any and all hearsay objections will cut down on costs only for the proponent of such evidence, who need not make arrangements for the declarant to be available for cross-examination, or go to the effort of providing evidence to establish a proper foundation for an exception to the rule.[7] However, the burden of such costs does not disappear, but instead is shifted to the opponent of such evidence, who, in the event he or she decides to attack the declarant's credibility or to show lack of trustworthiness of hearsay documentation in order to reduce its weight as evidence,

---

[6]It is important to remember, in this regard, that an obvious societal purpose behind providing ready access to the judicial system is to provide an alternative to the "self-help" form of dispute resolution. If litigants do not perceive the small claims court system as providing rational and fair dispute resolution, they may choose to resort to self-help measures beyond the pale of civilized society, rather than turn to the municipal court, with its concomitant higher cost and increased formality.

[7]The majority on page 1137, *ante*, of its opinion refers to such a proponent as a "crafty" or "clever" litigant. To the contrary, this person in most cases will be an unwitting plaintiff who, in a sense, has been led by the rule enunciated by the majority to believe that hearsay evidence is not only admissible but also entitled to the same weight as other evidence. To suggest that a layperson litigant should be acquainted with the provisions of section 412 regarding "weak evidence," stretches the bounds of credulity. This section actually involves the fact finder's weighing of evidence, which has been properly admitted; not the admissibility of evidence which is the issue in this case. As a matter of fact, certain admissible hearsay evidence in a particular case may have greater weight than nonhearsay evidence. No authority has been cited which holds that hearsay evidence *per se* is "weaker or less satisfactory evidence" than nonhearsay evidence.

will have to go to the time and expense to arrange for the declarant's availability as a witness for the opponent or to discover and obtain other such credibility-weakening evidence. The opponent's ability to investigate such hearsay evidence, so as to make arrangements beforehand to present information related to its credibility, is extremely limited because of the lack of formal discovery in small claims actions. (Code Civ. Proc. § 116.310, subd. (b).) This is a practical reason that the burden of establishing that hearsay statements have some indicia of reliability should remain on the proponent of such evidence.

Moreover, if the burden of producing evidence to reduce the weight of such hearsay evidence is upon the opponent, he or she will not be aware of it until trial and many times she or he may be forced to request a continuance to obtain evidence to show that this hearsay is noncredible and entitled to no weight. Assuming that in fairness and consistent with due process such continuances are granted, this prolongation of small claims proceedings will be totally contrary to one of the foremost purposes of such proceedings, i.e., to reduce delay and expedite speedy resolution.

   2.   *Lay Litigants' Unfamiliarity With the Rule Is Not a Proper Reason to Eliminate the Rule*

The majority obviously has adopted as a truism, and as a necessary premise to its holding, that lay litigants' unfamiliarity with formal rules of evidence requires abolishment of the hearsay rule.[8]

My reply to the majority's premise is:

First, as noted in footnote 7, even a layperson may recognize the inherent unreliability of hearsay statements, based on his or her inability to cross-examine the declarant as to personal knowledge, bias, prejudice, or expertise

---

[8]On pages 1136 through 1137, *ante*, of its opinion, the majority relates a parade of horrors which would occur if the rule is strictly enforced in small claims proceedings, particularly since such proceedings are ". . . designed for the unsophisticated petty litigant." I am confident that the majority did not by such language intend to demean those persons who are parties to small claims proceedings, but, in any event, I disagree that most parties to such proceedings are so unsophisticated that they do not perceive that hearsay evidence is "not as good" as witness testimony. In my opinion, based on my experience as a small claims trial judge, lay litigants often will object to such evidence for reasons which a judge will recognize as a hearsay objection.

   Thus, whether the litigants appreciate the niceties of the rule and its exceptions begs the question. The question is not whether a party "understands and abides by the formal rules of evidence," including hearsay. The real question is whether in a particular small claims case, the court, upon receiving a hearsay-based objection by a party who has thus indicated his or her awareness that the evidence is not reliable or trustworthy, should ignore it and perfunctorily admit that evidence without considering its reliability and trustworthiness.

(see Note, *The Theoretical Foundation of the Hearsay Rules* (1980) 93 Harv.L.Rev. 1786, 1808), or even based on his or her inability to determine whether the declarant is a real person who actually made the statements attributed to the declarant.

Second, particularly given the informality of small claims actions, there is no reason a layperson cannot adequately object to the admission of such evidence on the practical grounds noted above, regardless of his or her awareness of a possible objection on the formal ground of "hearsay." (See, e.g., *People* v. *Bob* (1946) 29 Cal.2d 321, 324-325 [175 P.2d 12], in which the court held that an attorney's objection that the declarant should be produced in person so that the trier of fact could consider his credibility, and that the declarant's written statement was "secondary evidence," was sufficient to raise a hearsay objection.)

In my view, upon receiving what is hearsay evidence and an objection to such, the court should ask the party proffering the evidence questions designed to determine the reliability of the evidence.[9] If the answers demonstrate such reliability, the court should admit it even though the technical rules for laying a foundation as to its authenticity or admissibility pursuant to certain exceptions are not met.[10] If, however, the proffered evidence does not meet such tests, it should not be admitted and therefore not considered as evidence by the court.

The majority on page 1137, *ante*, of its opinion comments that, if and when an objection is made to hearsay evidence, my "approach" to ruling on the objection will require a constant stream of explanations by the court. Wrong. Generally, the court in any type of civil proceeding is not required to explain its evidentiary rulings. It is only required to rule. I have not suggested and do not suggest that in ruling on hearsay objections in small claims proceedings the court should explain its ruling.

### 3. *Practical Effect of Elimination of the Rule*

In addition to failing to analyze its assumptions that abolishment of the rule will promote justice in small civil matters at a reasonable cost and that

---

[9]In a Note entitled *The Persecution and Intimidation of the Low-Income Litigant as Performed by the Small Claims Court in California* (1969) 21 Stan.L.Rev. 1657, 1665 it is stated: "As small claims courts were originally conceived, the judge was to be counsel for both sides, and some judges still consider this to be their function. Through careful examination and cross-examination of parties and witnesses, a small claims court judge could help guard against abuses and ensure that elements of a fair trial were preserved for both parties. . . ." (Fn. omitted.)

[10]Later, I will discuss and state a liberal application of the rule which I believe provides proper guidance to a trial judge in making such determination, absent the existence of any exception to the rule.

laypersons have no use for formal evidentiary rules, the majority *also* fails to consider the practical effects which total abolition of the hearsay rule may have on the small claims judicial system.

First, in my opinion, the admission of all hearsay evidence in small claims actions, without any indicia of reliability, and in spite of the opponent's objections thereto, particularly when coupled with the fact that the trier of fact need make no formal statement of decision on the issues presented in a small claims action (Code Civ. Proc., § 632), will cause a general decrease in the appearance of fairness in such proceedings, which in turn could have an appreciable and adverse impact on the public's reliance on, and use of, small claims proceedings as a means of resolving suitable disputes.

Second, making all hearsay evidence automatically admissible deprives the proponent of such evidence of any opportunity to make sure that the admitted evidence will actually be given any weight. It is true that allowing all hearsay evidence to be admissible makes it easier to introduce the evidence necessary to prove the elements upon which a party has the burden of proof, whether plaintiff or defendant. (Swift, *Abolishing the Hearsay Rule*, (1987) 75 Cal.L.Rev. 495, 506, fn. 30, quoting Lempert & Saltzburg, A Modern Approach to Evidence (2d ed. 1982) 520, 522.) But, according to Swift, in certain circumstances, e.g., when specific information about the declarant's testimonial qualities (perception, memory, sincerity and language use) is unavailable because of the use of a hearsay declaration (such as is the case here), "this lighter foundational burden adversely affects the trier of fact's reasoning process, depriving the trier of the specific information it needs to draw meaningful inferences based on knowledge and experience." (Swift, *Abolishing the Hearsay Rule, supra,* 75 Cal.L.Rev. 495, 506, fn. 30.) According to Swift, this reduction in the trier of fact's ability to make a rational adjudication applies regardless of whether the trier of fact is a jury or a judge. (*Id.* at pp. 506-507.)

Diminishment of the fact finder's ability to make a rational adjudication in a practical sense could negatively affect the party who has the burden of proof and who proffers hearsay evidence to carry that burden. If, as the majority suggests, all hearsay evidence to which a valid hearsay objection could be made nevertheless should be admitted and then the trier of fact, in its private, mental weighing of the evidence, can, by a winnowing process, disregard any such evidence because it does not bear any indicia of reliability and trustworthiness, the profferer of the hearsay evidence is in an unfair position because she or he would never be aware that in the judge's decisionmaking process such evidence was going to be discarded as "improbable, incredible, or preposterous." (See, e.g., maj. opn., *ante,* p. 1137.)

If, however, as I conclude, the rule does apply, the judge in applying the rule openly would exclude it from the body of evidence to be considered by the judge as trier of fact, and the profferer then would have the opportunity to attempt to carry her or his burden by offering other evidence, including an available witness.

In connection with this second practical effect of eliminating the rule, I note, as a tangential issue, my alarm at the majority's reasoning on page 1138, *ante*, of its opinion that because there is no provision in the law for "routine plenary review" of trials in small claims court and de novo hearings in the superior court, such lack of normal appellate review justifies carte blanche admissibility of hearsay evidence. It then shores up this reasoning by noting that small claims proceedings are rarely, if ever, reported and "there is little point in establishing detailed [evidentiary] rules where errors would generally escape discovery and correction."

In my view, such reasons once again beg the real issue—should a court in a small claims proceeding be allowed to consider unreliable and untrustworthy evidence in the form of hearsay? The majority presumably would respond affirmatively for the reasons that the appellate process in small claims proceedings does not involve a review for trial error in admitting such prohibited evidence and, in any event, such judicial error is not discoverable due to the proceedings at which it occurred were not reported. In other words, judicial error is all right because there is no mechanism to "catch it" and no process to correct it.

The Legislature's statement in Code of Civil Procedure sections 116.510 and 116.770 that the manner of conducting a small claims hearing should be informal cannot reasonably be construed to be an open mandate to trial courts to put aside the rules which govern the admissibility of evidence at such a hearing. Small claims proceedings are adjudicatory and involve trials to ascertain the truth through the adversarial process. They are subject to constitutional principles of due process. The majority seems to agree by its language on pages 1138, *ante*, of its opinion wherein it states: "As mentioned above, the rules of evidence are commonly relaxed in court trials,[11] a practice which reflects a recognition that judges are—and must be—trusted to treat questionable evidence in a fair and rational manner. We need not admonish judges not to rely on evidence *to which no reasonable person could give any credence*; this duty, and the ability to perform it, is inherent in the job. . . ." (Italics added.) The italicized portion of the above quoted language clearly undermines the holding of the majority because it does "admonish" judges not to rely on evidence, including presumably hearsay

---

[11]I do not agree with this general unsupported statement that judges conducting court trials generally relax the rules of evidence. This statement is not supported by any citation to empirical evidence or authority.

evidence, to which no reasonable person could give any credence, or to state it another way, any such evidence which is not reliable or trustworthy.

For these reasons alone, I would not abolish the rule in small claims court actions. In addition, as discussed below, I think such an action is one best left to the Legislature, which, in establishing the statutory scheme for small claims proceedings, indicated that it intended to retain the rule in small claims actions, subject only to certain enumerated exceptions which are additional to the general rule exceptions applicable to all civil actions.

### B. *The Legislature Has Indicated Its Intent to Retain the Rule in Small Claims Proceedings*

The Legislature has determined that the provisions of the Code of Civil Procedure shall apply to *all* trial courts, "except where special provision is made for particular courts, or where a general provision is not applicable by reason of jurisdictional limitations." (Code Civ. Proc., § 34.) Therefore, unless a special provision has been made to exempt small claims court proceedings from the provisions of the Code of Civil Procedure, or unless the small claims court sections of the code otherwise indicate such an intent (see *Jellinek* v. *Superior Court* (1991) 228 Cal.App.3d 652, 656-657, 658 [279 Cal.Rptr. 6]), such provisions do apply to such actions.

Code of Civil Procedure section 2009 provides: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, and in uncontested proceedings to establish a record of birth, or upon a motion, and in any other case expressly permitted by statute."[12] Notably, section 2009 does not, by its terms, exempt small claims courts from this general rule as to the permissible use of affidavits.

Affidavits, of course, are hearsay evidence, and are objectionable on that basis. (*Lacrabere* v. *Wise* (1904) 141 Cal. 554, 556 [75 P. 185].) Code of Civil Procedure section 2009 permits them to be used as evidence of "matters of procedure,—matters collateral, ancillary, or incidental to an action or proceeding," (*ibid.*) but "was not intended to have the effect of changing the general rules of evidence by substituting voluntary *ex parte* affidavits for the testimony of witnesses" so as to allow hearsay evidence to be used as proof "of facts the existence of which are made issues in the case,

---

[12]See, e.g., Probate Code section 1022: "An affidavit or verified petition shall be received as evidence when offered in an *uncontested* proceeding under this Code." (Italics added.)

. . ." (*Ibid.*)[13] The parties may, of course, expressly agree to the use of affidavits to prove such facts, or may waive their right to object to the use of hearsay evidence by failing to make a hearsay objection when affidavits are offered as evidence of material facts. (*Estate of Fraysher* (1956) 47 Cal.2d 131, 135 [301 P.2d 848].)

In small claims court actions, the use of declarations[14] as evidence is expressly permitted in certain circumstances by Code of Civil Procedure section 116.540, subdivisions (e), (f), and (g), which subdivisions make special provision for the use of declarations as evidence by (1) a plaintiff in a small claims action when such plaintiff is serving on active duty in the United States armed forces outside the State of California; (2) any party to such an action who is incarcerated in a county jail, Department of Corrections facility, or a Youth Authority facility; and (3) a defendant who is a nonresident owner of real property. It is a familiar maxim of statutory construction that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed. (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537]; *City of Coronado* v. *California Coastal Zone Conservation Com.* (1977) 69 Cal.App.3d 570, 580 [138 Cal.Rptr. 241].)

The fact that the Legislature saw fit to allow the use of declarations as evidence in certain circumstances is especially significant, particularly in light of the fact that the allowed use of such hearsay evidence is related, on some level, not only to principles under which exceptions to the hearsay rule are created, i.e., unavailability of a witness and an increased degree of reliability (given that declarations must be made under penalty of perjury), but also to the further legislative provision that "parties have the right to offer evidence *by witnesses* at the hearing" (Code Civ. Proc., § 116.520, subd. (a), italics added).[15] This statutory scheme clearly indicates that the Legislature did not intend to make hearsay evidence automatically admissible in small claims court actions.[16]

The majority in footnote 5, page 1134, *ante*, gives recognition to the four statutory hearsay exceptions provided in subdivisions (d) through (g) of

---

[13]Affidavits may also be used to determine controverted facts related to certain motions. (See examples listed in *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 484 [114 Cal.Rptr. 356].)

[14]We use the term "declarations" to include "affidavits." (See Code Civ. Proc., § 2015.5.)

[15]The term "witness," as opposed to "declarant," obviously means one who testifies in person at a hearing. (See Evid. Code, § 240.)

[16]Code of Civil Procedure section 116.520, subdivision (c) also appears to create another exception to the hearsay rule by allowing judges to independently investigate and make inquiries outside the hearing, with or without notice to the parties.

Code of Civil Procedure section 116.540 and to the argument that those four exceptions represent the only circumstances in which the Legislature deemed hearsay to be appropriately admitted in small claims proceedings. But in order to reconcile those subdivisions with Code of Civil Procedure section 116.510, which requires that small claims hearings be informal with ". . . the object being to dispense justice promptly, fairly and inexpensively," and in order to support its holding, the majority makes a chasmic leap in stating that the focus of section 116.540 is not on evidence but on the appearance of a party and the situations in which such an appearance may be excused.

My first reaction is that no party need make an appearance in a civil action and therefore no "excusal" is required from the Legislature or the judicial system. Secondly, although subdivisions (d) through (g) of Code of Civil Procedure section 116.540 refer to the non-necessity of a party's appearance, their true focus is on how a party, whether plaintiff or defendant, may prove its case by admissible evidence without the necessity of appearance. More importantly, the majority continues to ignore the fact that small claims proceedings, although informal, are still adjudicatory proceedings (not administrative) within the civil judicial system and as such are subject to the basic common law and statutory rules of evidence grounded in constitutional principles of the right to procedural due process and to confront and cross-examine a witness, so as to assure that all evidence to be considered by a judicial officer is trustworthy and reliable.

As noted above, no party has to appear in a civil proceeding. However, in small claims court a party is not entitled to an attorney, and obviously a party's absence would result in no evidence being produced on his or her behalf. This situation does not apply in a hearing on a small claims de novo appeal in superior court where an attorney may appear, and, under certain circumstances, may present admissible evidence on behalf of her or his absent client. (Code Civ. Proc., § 116.770, subd. (c).) Recognizing this dilemma at the small claims court stage (which is particularly important to a plaintiff because the plaintiff does not have the right to appeal an adverse small claims judgment), the legislative scheme allows certain kinds of parties who are actually or practically "unavailable" to appear by a representative or to submit hearsay documentation, including declarations, as evidence in support of or in opposition to a claim. Notably, under subdivision (d) of Code of Civil Procedure section 116.540, the appearance by a representative is allowed even in small claims court but only if a claim can be established by hearsay evidence that meets an Evidence Code hearsay exception, namely, section 1271 (evidence of writing made as a record) and the representative is able to establish the foundational basis for such exception.

Therefore, as the majority comments on page 1133, *ante*, of its opinion, the current trend of the law is to defer to the intent of the Legislature, based on historical perspective in creating small claims proceedings. I agree that we should apply that deference and accept the Legislature's express intent that hearsay is admissible in small claims proceedings in those four circumstances enunciated in Code of Civil Procedure section 116.540, subdivisions (d) through (g). But I also believe that we should follow the Legislature's intent, as evidenced by section 1200 that hearsay is not admissible in civil proceedings, except in certain circumstances as provided by law.

### C. *The Informal Nature of Small Claims Court Actions May Be Retained, and the Societal Interests Served by the Hearsay Rule May Be Protected, by the Adoption of a Liberal Application of the Rule in Such Actions*

As discussed above, the statutes relating to small claims actions indicate that the Legislature did not intend to totally abolish the rule in such actions. However, the Legislature impliedly suggested a more liberal application of the rule in small claims proceedings than other civil actions when it mandated that the "hearing and disposition" of small claims actions "shall be informal." (Code Civ. Proc., § 116.510.) Under these circumstances, I believe a more liberal application of the rule, consistent with the purpose of the rule, is appropriate in small claims proceedings. It would protect against the general introduction of a mass of inherently unreliable evidence without being so technically restrictive as to militate against the purpose of such proceedings. Such an application would involve a process wherein the court, after receiving relevant hearsay evidence and an objection to it on the grounds of hearsay, first determines if an exception to the rule applies. If so, it should be admitted. If not, the court then determines if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs. If it affirmatively so concludes, it should be admitted. This latter factor in the court's application of the rule preserves the basic underlying principle of the rule, i.e., to be admissible, hearsay must have a degree of reliability and trustworthiness, while also conforming with the informal nature of small claims proceedings.

In the case of documentary hearsay evidence, there would have to be an additional foundational showing of the document's authenticity. This can be established by a few properly worded questions posed by the judge to the proponent of the evidence. Such questioning would obviate the potential difficulties a lay litigant might experience in attempting to lay a proper foundation for a document's admission into evidence, while at the same time giving the trier of fact and the opposing party a rational basis upon which to conclude that the evidence is authentic.

## III.

### CONCLUSION

For the foregoing reasons, I would not hold, as does the majority, that hearsay evidence is unconditionally admissible in small claims proceedings, subject only to the applicability of section 352 and the law of testimonial privileges, which limitations, in my opinion, are not pertinent to the purpose of the rule. Instead, I would hold that the rule applies in small claims proceedings subject to existing exceptions, but that if no exception does apply to particular hearsay evidence, as proffered, the court should then follow, as described above, a more liberal application of the rule to determine its admissibility.