[S. F. No. 2590. In Bank.—January 11, 1904.]

## JOHN LACRABERE, Respondent, v. JOHN H. WISE et al., Appellants.

UNLAWFUL DETAINER BY LESSEE—NOTICE OF DEMAND FOR RENT OR POSSESSION—SERVICE—PLEADING AND PROOF—AFFIDAVITS—NONSUIT.— In an action of unlawful detainer by a lessee after non-payment of rent, under section 1161 of the Code of Civil Procedure, the service of a three days' notice to make such payment or deliver posses-

sion of the premises is a condition precedent to the right to commence the proceeding. It is necessary to aver the service of such notice in the complaint, and if put in issue it must be proved by competent evidence like any other fact in the case. It cannot be proved by affidavits, which rank as hearsay evidence, for the purposes of the trial of issuable facts. If only affidavits of the service were produced, without other evidence, a nonsuit should have been granted.

APPEAL from an order of the Superior Court of Santa Cruz County denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Frank J. Murphy, and Fred H. Hood, for Appellants.

George P. Burke, for Respondent.

LORIGAN, J.—This is an appeal by defendants from an order denying their motion for a new trial.

The action is for unlawful detainer, and the points made by appellants here are, that the evidence was insufficient to sustain any of the findings, and that the court erred in denying their motion for a nonsuit.

The complaint was in the form usual in such actions, alleging lease of the premises in controversy to defendants at a specified monthly rental, a failure to make payment of the rents for several months, the service of a three days' notice to make such payment, or deliver possession of the premises, and the failure of defendants to do either.

The answer puts squarely in issue every allegation in the complaint.

Upon the trial, counsel for plaintiff, to prove the allegation in the complaint of service of three days' notice, offered in evidence a paper purporting to be such notice, having attached to it affidavits of several persons tending to show service by them, upon the defendants, of the proffered paper.

Over the objection, and under the exception of defendants, this notice, with the accompanying affidavits as sufficient proof thereof, was admitted in evidence. This was all the evidence offered to prove such service.

At the close of plaintiff's case, defendant moved for a nonsuit, urging, among other grounds therefor, specially the one

that there was no proof of service of such notice. The motion was denied.

We are satisfied it should have been granted. It is an essential prerequisite to the maintenance of an action for unlawful detainer, under section 1161 of the Code of Civil Procedure, that a three days' notice, demanding payment of the rent due, or possession of the leased premises, should be served upon the defendants, as subdivision 2 of that section requires. It is equally essential to allege the service of such demand in the complaint, and, if controverted, prove it on the trial. Service is an act to be performed before suit, a fact to be alleged in bringing suit, and a fact to be proven to successfully maintain it, and such fact is to be proven as any other disputed fact in the case. The rule is, that the best evidence must be produced which the nature of the transaction will permit; the testimony of witnesses given in open court where the adverse party may have an opportunity of cross-examination. Affidavits are not in the nature of the best evidence by which to prove issuable facts. They rank on no higher plane for that purpose than hearsay evidence.

Counsel for respondent relies solely upon the construction he places on section 2009 of the Code of Civil Procedure to support the method of proof adopted by him.

That section provides that "An affidavit may be used . . . to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings," etc. And he insists therefrom that, as an action for unlawful detainer is a special proceeding, and the notice in question is one pertaining to a special proceeding, that service of the notice, on the hearing of such proceeding, could be proven by affidavit under the section.

But this section has no application to the proof of facts which are directly in controversy in an action. It was not intended to have the effect of changing the general rules of evidence by substituting voluntary *ex parte* affidavits for the testimony of witnesses. The section only applies to matters of procedure,—matters collateral, ancillary, or incidental to an action or proceeding,—and has no relation to proof of facts the existence of which are made issues in the case, and

which it is necessary to establish to sustain a cause of action. It might with the same plausibility be argued that, in those cases where it is essential that a demand should be made before an action for claim and delivery can be maintained, that proof of service of such demand could be made by affidavit, or that in any action—because the section applies to actions as well as special proceedings—where issue is joined as to service of a notice, or demand, or other "paper" proof could be made of the fact by affidavit. Aside from this, however, the service of the notice, sought to be proven by affidavit in this case, was not service of a "summons, notice, or other paper in an action or special proceeding." An action, or special proceeding, referred to in the section, means a cause already commenced and pending in court, and it is to proof of service of notices and papers, incidentally used in such pending cause, that the section relates; notices or papers served upon the opposite party, or his attorney, under the general rules of procedure, and relating to the pending action or proceeding.

Nor was the notice served on the defendants to pay the rent or surrender possession, a notice given in any special proceeding. It was a notice given *before* any special proceeding was commenced; it antedated it. The giving of it was a condition precedent to the right to commence such proceeding at all, and proper proof of it was necessary to warrant recovery, and that proof should have been made by the testimony of the persons who made the service, taken at the trial, and not by their affidavits.

The same point is presented under a specification that the evidence is insufficient to support a finding of the court that such notice was given, and this must also be sustained.

For the reasons given, the order denying the motion for a new trial is reversed, and the cause remanded.

McFarland, J., Shaw, J., Angellotti, J., Henshaw, J., and Beatty, C. J., concurred.