[No. B102884. Second Dist., Div. Five. July 15, 1997.]

TED LIEBOVICH, as Trustee, etc., Plaintiff and Respondent, v. KAMYAR SHAHROKHKHANY, Defendant and Appellant.

COUNSEL

Rodney T. Lewin and R. Stephen Duke for Defendant and Appellant.

Allen & Allen and David L. Allen for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## INTRODUCTION

Kamyar Shahrokhkhany (defendant) appeals from the judgment in favor of his landlord, Ted Liebovich, as trustee of the Liebovich 1984 Trust (plaintiff), in this unlawful detainer action. Defendant operated a newsstand on property leased from plaintiff. He was served with a three-day notice to pay rent or quit *by certified mail.* Defendant denied he ever received the

notice. We conclude as follows: There was no substantial evidence defendant was properly served; Code of Civil Procedure[1] section 1162 does not authorize service of a three-day notice to pay rent or quit by mail alone, certified or otherwise; therefore, even if there was substantial evidence the notice was served by certified mail (a question we need not decide), there was no proof of compliance with section 1162; and the decisional authority on which plaintiff relies—holding a party's acknowledgment or admission notice was received by mail amounts to personal delivery—is inapplicable to this case in which defendant denied, in his answer and at trial, he had received the document. Therefore, the judgment must be reversed.

## DISCUSSION

■ Proper service on the lessee of a valid three-day notice to pay rent or quit is an essential prerequisite to a judgment declaring a lessor's right to possession under section 1161, subdivision 2. (*Jordan* v. *Talbot* (1961) 55 Cal.2d 597, 608-609 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161]; *Lacrabere* v. *Wise* (1904) 141 Cal. 554, 556 [75 P. 185]; *Bevill* v. *Zoura* (1994) 27 Cal.App.4th 694, 697 [32 Cal.Rptr.2d 635]; *Kwok* v. *Bergren* (1982) 130 Cal.App.3d 596, 599-600 [181 Cal.Rptr. 795]; *Lamey* v. *Masciotra* (1969) 273 Cal.App.2d 709, 713-714 [78 Cal.Rptr. 344]; *Samuels* v. *Singer* (1934) 1 Cal.App.2d 545, 549-550 [36 P.2d 1098].) A lessor must allege and prove proper service of the requisite notice. (*Lacrabere* v. *Wise*, *supra*, 141 Cal. at p. 556; *Samuels* v. *Singer*, *supra*, 1 Cal.App.2d at p. 549 [no unlawful detainer cause of action stated where complaint did not allege service of three-day notice].) Absent evidence the requisite notice was properly served pursuant to section 1162, no judgment for possession can be obtained. (*Jordan* v. *Talbot*, *supra*, 55 Cal.2d at pp. 608-609; *Lacrabere* v. *Wise*, *supra*, 141 Cal. at pp. 555-557; *Kwok* v. *Bergren*, *supra*, 130 Cal.App.3d at pp. 599-600.)

A lessor must strictly comply with the statutorily mandated requirements for service of a three-day notice to pay rent or quit. (*Jordan* v. *Talbot*, *supra*, 55 Cal.2d at pp. 608-609; *Kwok* v. *Bergren*, *supra*, 130 Cal.App.3d at pp. 599-600; *Lamey* v. *Masciotra*, *supra*, 273 Cal.App.2d at p. 713; cf. *Bevill* v. *Zoura*, *supra*, 27 Cal.App.4th at pp. 697-698 [strict compliance with statutory mandate as to contents of notice required].) Section 1162 provides for service of the notice by three alternative methods: "1. By delivering a copy to the tenant personally; or, [¶] 2. If he be absent from his place of residence, and from his usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the

---

[1]All further statutory references are to the Code of Civil Procedure except where otherwise noted.

mail addressed to the tenant at his place of residence; or, [¶] 3. If such place of residence and business can not be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated." When the fact of service is contested, compliance with one of these methods must be shown or the judgment must be reversed. (*Jordan* v. *Talbot, supra,* 55 Cal.2d at pp. 608-609 [mere act of posting notice under door did not comply with section 1162]; *Kwok* v. *Bergren, supra,* 130 Cal.App.3d at pp. 598, 600 [in a case involving multiple tenants and subtenants, showing notice to purported manager of leased premises and mailing a single copy to that address did not comply with section 1162]; *Lamey* v. *Masciotra, supra,* 273 Cal.App.2d at p. 714 [sending notice solely by registered letter was "clearly deficient"].)

The evidence of service produced at trial consisted of two items. First, there was an affidavit of service by certified mail. Second, there was a certified mail return receipt bearing the signature of an unidentified person as "addressee." The address on the affidavit of service and the return receipt was that of a separate business operated by defendant next door to the leased property. The evidence was admitted over defendant's objection. Defense counsel specifically argued there was no valid service. Defense counsel further argued that the proof of service was inadmissible—the person who served the motion had to testify. Defendant denied, both in his answer and at trial, that he had ever received the three-day notice.

Plaintiff contends: There was substantial evidence defendant was served by certified mail and mailing a three-day notice to pay rent or quit is equivalent to personal delivery within the meaning of section 1162, subdivision 1. We conclude that even if there was substantial evidence the three-day notice was served by certified mail, plaintiff failed to prove compliance with section 1162.

We need not decide whether there was sufficient evidence of service by certified mail. Even if there was such proof, there was no evidence of compliance with section 1162. We note, however, that the affidavit of service alone (putting aside questions concerning the return receipt) was insufficient to prove the controverted fact of service. (*Lacrabere* v. *Wise, supra,* 141 Cal. at pp. 556-557; see *Estate of Fraysher* (1956) 47 Cal.2d 131, 135 [301 P.2d 848].) Affidavits of service may not be relied on at trial to prove a three-day notice was served pursuant to section 1162; testimony of the person who made the service is required. (47 Cal.2d 131, 135.) As the

Supreme Court explained in *Lacrabere* v. *Wise, supra,* 141 Cal. at pages 556-557: "It is an essential prerequisite to the maintenance of an action for unlawful detainer, under section 1161 of the Code of Civil Procedure, that a three days' notice . . . should be served upon the defendants, as subdivision 2 of that section requires. It is equally essential to allege the service of such demand in the complaint, and, if controverted, prove it on the trial. Service is an act to be performed before suit, a fact to be alleged in bringing suit, and a fact to be proven to successfully maintain it, and *such fact is to be proven as any other disputed fact in the case.* The rule is, that the *best evidence* must be produced which the nature of the transaction will permit; the testimony of witnesses given in open court where the adverse party may have an opportunity of cross-examination. *Affidavits are not in the nature of the best evidence by which to prove issuable facts.* They rank on no higher plane for that purpose than hearsay evidence. [¶] Counsel for respondent relies solely upon the construction he places on section 2009 of the Code of Civil Procedure to support the method of proof adopted by him. [¶] That section provides that 'An affidavit may be used . . . to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings,' etc. And he insists therefrom that, as an action for unlawful detainer is a special proceeding, and the notice in question is one pertaining to a special proceeding, that service of the notice, on the hearing of such proceeding, could be proven by affidavit under the section. [¶] But this section has no application to the proof of facts which are directly in controversy in an action. It was not intended to have the effect of changing the general rules of evidence by substituting voluntary *ex parte* affidavits for the testimony of witnesses. The section only applies to matters of procedure,—matters collateral, ancillary, or incidental to an action or proceeding,—and has no relation to proof of facts the existence of which are made issues in the case, and which it is necessary to establish to sustain a cause of action. It might with the same plausibility be argued that, in those cases where it is essential that a demand should be made before an action for claim and delivery can be maintained, that proof of service of such demand could be made by affidavit, or that in any action—because the section applies to actions as well as special proceedings—where issue is joined as to service of a notice, or demand, or other 'paper[,'] proof could be made of the fact by affidavit. Aside from this, however, the service of the notice, sought to be proven by affidavit in this case, was not service of a 'summons, notice, or other paper in an action or special proceeding.' An action, or special proceeding, referred to in the section, means a cause already commenced and pending in court, and it is to proof of service of notices and papers, incidentally used in such pending cause, that the section relates; notices or papers served upon the opposite party, or his attorney, under the general rules of procedure, and

relating to the pending action or proceeding. [¶] Nor was the notice served on the defendants to pay the rent or surrender possession, a notice given in any special proceeding. It was a notice given *before* any special proceeding was commenced; it antedated it. *The giving of it was a condition precedent to the right to commence such proceeding at all, and proper proof of it was necessary to warrant recovery, and that proof should have been made by the testimony of the persons who made the service, taken at the trial, and not by their affidavits.*" (Some italics added.)

Section 1162 does not authorize service of a three-day notice to pay rent or quit by mail delivery alone, certified or otherwise. It provides for service by: personal delivery; leaving a copy with a person of suitable age and discretion at the renter's residence or usual place of business *and* sending a copy through the mail to the tenant's *residence*; or posting *and* delivery of a copy to a person there residing, if one can be found, *and* sending a copy through the mail. Strict compliance with the statute is required. (*Jordan* v. *Talbot, supra,* 55 Cal.2d at pp. 608-609; *Kwok* v. *Bergren, supra,* 130 Cal.App.3d at pp. 599-600; *Lamey* v. *Masciotra, supra,* 273 Cal.App.2d at p. 713; cf. *Bevill* v. *Zoura, supra,* 27 Cal.App.4th at pp. 697-698.) In the present case, the sole method of service was by certified mail. The notice was not delivered to defendant personally nor was there substantial evidence the requirements of either of the alternative methods were met. (*Lamey* v. *Masciotra, supra,* 273 Cal.App.2d at p. 714 [notice sent by registered letter "clearly deficient"]; cf. *Chinese Hosp. Foundation Fund* v. *Patterson* (1969) 1 Cal.App.3d 627, 632 [81 Cal.Rptr. 795] [delivery by certified mail at defendants' residence, coupled with delivery to an accountant at defendants' place of business, complied with section 1162].) No proper service of the three-day notice to pay rent or quit having been proven, the judgment must be reversed. (*Jordan* v. *Talbot, supra,* 55 Cal.2d at p. 608; *Lacrabere* v. *Wise, supra,* 141 Cal. at pp. 555-557; *Kwok* v. *Bergren, supra,* 130 Cal.App.3d at p. 600.)

We reject plaintiff's argument that service of a three-day notice to pay rent or quit by certified mail is equivalent to personal delivery within the meaning of section 1162, subdivision 1, absent an admission of receipt. As discussed above, section 1162 does not authorize service of a three-day notice to pay rent or quit by mail alone, certified or otherwise. (*Lamey* v. *Masciotra, supra,* 273 Cal.App.2d at p. 714.) The Legislature might have authorized service of a three-day notice by certified mail (cf. Civ. Code, § 1946), but it did not. In *Lamey* v. *Masciotra, supra,* 273 Cal.App.2d at page 714, the Court of Appeal held a three-day notice sent by registered letter was not personally delivered nor did the service otherwise comply with section 1162.

Further, the decisional authority on which plaintiff relies is inapplicable to this case. Plaintiff cites *University of So. Cal.* v. *Weiss* (1962) 208 Cal.App.2d 759, 769 [25 Cal.Rptr. 475], which held that when a 30-day notice to terminate a month-to-month tenancy was served by mail, *and the defendant admitted he had received it,* there was "sufficient compliance with the provision in . . . section 1162 *as to personal service.*" (Italics added.) The 30-day notice in *Weiss* was served pursuant to Civil Code section 1946. That section then required notice be given "in the manner prescribed in Section 1162 of the Code of Civil Procedure."[2] (Stats. 1947, ch. 676, § 2, p. 1709.) *Weiss* relied on *Colyear* v. *Tobriner* (1936) 7 Cal.2d 735, 743 [62 P.2d 741, 109 A.L.R. 191]. *Colyear,* as in *Weiss,* involved a 30-day notice of termination of tenancy pursuant to Civil Code section 1946. Receipt was not disputed. At the time *Colyear* was decided in 1936, Civil Code section 1946 did not specify *how* notice was to be given. (Stats. 1931, ch. 643, § 1, p. 1385.) *Colyear* concluded personal service was required, but could be effected through the mail. (7 Cal.2d at p. 743.)

*Colyear* did not explicitly state personal delivery by mail required a showing of acknowledged or admitted receipt. However, the Supreme Court impliedly so held by virtue of its citations to its prior decisions, *Shearman* v. *Jorgensen* (1895) 106 Cal. 483, 485 [39 P. 863] and *Heinlen* v. *Heilbron* (1892) 94 Cal. 636, 641 [30 P. 8]. (*Colyear* v. *Tobriner, supra,* 7 Cal.2d at p. 743.)[3] Those cases addressed service of notices in pending actions pursuant to sections 1011, 1012, and 1013. In *Shearman,* the document at issue was a notice of ruling. *Heinlen* involved a notice of appeal. The Supreme Court held that when a notice was served by mail in a pending action, *and receipt was acknowledged,* there was personal service under section 1011. (*Shearman* v. *Jorgensen, supra,* 106 Cal. at p. 485 [defendant's attorney admitted he had received the notice of ruling served by mail]; *Heinlen* v. *Heilbron, supra,* 94 Cal. at pp. 639-641 [plaintiff's attorney's affidavit stated he had received the notice of appeal served by registered letter].) Stated differently, the court concluded, under the circumstances of those cases, that a party's acknowledgment or admission of receipt by mail established or amounted to personal service under section 1011. (106 Cal. at p. 485; 94 Cal. at pp. 639-641.)[4] *Colyear* simply extended that rule to service of a notice to terminate a tenancy under Civil Code section 1946 which did not then

---

[2] Civil Code section 1946 was amended in 1969 (subsequent to the *Weiss* decision) to provide: "The notice herein required shall be given in the manner prescribed in Section 1162 of the Code of Civil Procedure *or by sending a copy by certified or registered mail . . . .*" (Stats. 1969, ch. 442, § 1, p. 993, italics added.)

[3] In *Reserve Oil & Gas Co.* v. *Metzenbaum* (1948) 84 Cal.App.2d 769, 774 [191 P.2d 796], the Court of Appeal recognized this implied holding. The court held that, under *Colyear,* when a notice of default under a lease (which did not specify the form in which notice was to be served) was given by mail, and the defendants, in fact, received the notice, the service was proper. (*Id.* at pp. 772-774.)

[4] In *Hunstock* v. *Estate Development Corp.* (1943) 22 Cal.2d 205, 211 [138 P.2d 1, 148 A.L.R. 968], however, the Supreme Court declined to extend the rule of *Shearman* and

specify a manner of service. Plaintiff also relies on *Bank of America etc. Assn.* v. *Button* (1937) 23 Cal.App.2d 651, 652 [74 P.2d 81], in which service of a three-day notice was held to be established because it was admitted by the answer. *Valov* v. *Tank* (1985) 168 Cal.App.3d 867, 876 [214 Cal.Rptr. 546], is to the same effect.

In the cases discussed in the immediately preceding paragraph, a finding of proper service turned on a party's acknowledgment or admission the notice in question was in fact received. In the present case, defendant denied, in his answer and at trial, that he had ever received the three-day notice. Because there was no admission of receipt in this case, service by certified mail did not establish or amount to personal delivery. Further, there was no evidence of compliance with any of the three methods of service of a three-day notice to pay rent or quit provided in section 1162. Therefore, the judgment must be reversed. (*Jordan* v. *Talbot, supra,* 55 Cal.2d at pp. 608-609; *Lacrabere* v. *Wise, supra,* 141 Cal. at pp. 555-557; *Kwok* v. *Bergren, supra,* 130 Cal.App.3d at pp. 599-600.)

## DISPOSITION

The judgment is reversed. Defendant, Kamyar Shahrokhkhany, is to recover his costs on appeal from plaintiff, Ted Liebovich, as trustee of the Liebovich 1984 Trust.

Grignon, J., and Armstrong, J., concurred.

---

*Heinlen* to service of a summons and complaint in an action to foreclose a mortgage. The court held: "That 'delivery' constituting personal service within the meaning of section 1011 of the Code of Civil Procedure may be effected by mailing the notice or paper to be served under that section is well settled. (Code Civ. Proc., sec. 1012; *Heinlen* v. *Heilbron,* 94 Cal. 636, 640 . . . (notice of appeal); *Shearman* v. *Jorgensen,* 106 Cal. 483, 485 . . . (notice of ruling on demurrer); and see *Colyear* v. *Tobriner,* 7 Cal.2d 735, 743 . . . (notice of termination of tenancy).) But the service of the summons and complaint in an action is not governed by that section but by section 411 [(see now § 416.10 et seq.)] of the same code, which carries into effect the common law rule of personal delivery." (*Hunstock* v. *Estate Development Corp., supra,* 22 Cal.2d at p. 211.)