Opinion
B. JOHNSON, J.
In an action for unlawful detainer, petitioner Sofia Borsuk filed a motion to quash service of summons and complaint asserting that she was not properly served with the three-day notice to pay rent or quit in a manner prescribed by law. In her supporting declaration, petitioner claimed that the three-day notice was left on the ground, in an unmarked envelope, on the side of petitioner’s apartment unit. The respondent court denied petitioner’s motion as an unsuccessful “challenge to the sufficiency of the complaint.” Petitioner then filed a petition for writ of mandate, challenging the trial court’s denial of her motion.
An alternative writ of mandate was issued on April 20, 2015, directing the respondent court to either vacate its April 2, 2015 order denying petitioner’s *Supp. 3 motion to quash service of summons and complaint and enter a new order granting the motion or, in the alternative, show cause why a peremptory writ should not issue.[1] The respondent court declined to vacate its order based on its understanding of Delta Imports, Inc. v. Municipal Court (1983) 146 Cal.App.3d 1033 [194 Cal.Rptr. 685] (Delta). It determined that “the proper scope and standard” of a motion to quash is the same as that of a demurrer and therefore limited to challenging the sufficiency of the pleadings. Petitioner filed a reply asserting that extrinsic competent evidence may be considered in support of the motion to quash.
DISCUSSION
“A motion to quash service is the proper method for determining whether the court has acquired personal jurisdiction over the defendant through service of the five-day unlawful detainer summons. [Citation.]” (Delta, supra, 146 Cal.App.3d at p. 1035.) “If the [trial court] erroneously refuses to quash service, the defendant is entitled to a writ of mandate from the [appellate court], [Citations.]” (Ibid.)
In Delta, the Court of Appeal found that the complaint failed to state a cause of action for unlawful detainer because it did not allege compliance with the statutory notice requirements (Code Civ. Proc., § 1161, subd. 2). It held that “[u]nder the [circumstances of [that] case,” a motion to quash service was the “[p]roper [procedure” to “test whether the complaint states a cause of action for unlawful detainer and, thereby supports a five-day summons.” (Delta, supra, 146 Cal.App.3d at pp. 1035-1036, italics omitted.) “If the underlying complaint fails to state a cause of action for unlawful detainer, then use of the five-day summons is improper and the defendant is entitled to an order quashing service as a matter of law. [Citations.]” (Id. at p. 1035.) Delta did not have occasion to decide whether, in an unlawful detainer action, the trial court could consider extrinsic evidence offered in support of a motion to quash because the motion to quash in that case was based solely on the pleadings. “ ‘Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered.’ [Citation.]” (City of Clovis v. County of Fresno (2014) 222 Cal.App.4th 1469, 1479 [166 Cal.Rptr.3d 763].)
*Supp. 4 In Parsons v. Superior Court (2007) 149 Cal.App.4th Supp. 1 [58 Cal.Rptr.3d 48] (Parsons), the defendants brought a motion to quash service of summons and complaint, arguing inadequate notice was given to terminate a houseboat tenancy. The trial court denied the motion, holding that the defendants should have brought a demurrer. The appellate division disagreed. It pointed out that although a demurrer is available in all cases, including unlawful detainers, it constitutes a general appearance, which defendants may want to avoid. Parsons held that the motion to quash was the proper vehicle to raise jurisdictional defects without making a general appearance and, more importantly, on such a motion, jurisdictional facts can be challenged and proven by competent evidence. Affidavits and declarations contained in the motion to quash together with the verified complaint may be competent evidence sufficient for the trial court to determine the jurisdictional issues raised by the motion. (Id. at p. Supp. 7.) The appellate division ordered the trial court to vacate its order denying the defendants’ motion to quash and to consider evidence related to the defendants’ jurisdictional challenge.
We do not find that Delta and Parsons are in conflict—both are in agreement that a motion to quash is the proper vehicle to raise jurisdictional defects without making a general appearance. Parsons simply reminded us that, on a motion to quash, jurisdictional facts are generally proven by consideration of competent evidence beyond the complaint. (See Lebel v. Mai (2012) 210 Cal.App.4th 1154, 1163 [148 Cal.Rptr.3d 893]; Summers v. McClanahan (2006) 140 Cal.App.4th 403, 413 [44 Cal.Rptr.3d 338] [“When a defendant challenges the court] s personal jurisdiction on the ground of improper service of process ‘the burden is on the plaintiff to prove ... the facts requisite to an effective service.’ ”].)[2]
For the reasons herein stated, respondent court is directed to vacate its order of April 2, 2015, denying petitioner’s motion to quash, and to hold further proceedings on the merits of that motion consistent with this opinion.
Ricciardulli, J., concurred.

 This court acknowledges that it incorrectly ordered the trial court to “enter a new order granting the motion.” Respondent court should have been ordered to consider the merits of petitioner’s motion and then decide whether the motion should be granted or denied. By the terms of this opinion, we are correcting that error.

 If the motion to quash is granted based on improper service of the summons and complaint, another attempt by plaintiff to serve the summons can be had. If the motion to quash is granted based on defective service of the notice to quit, then it would seem the entire case would have to be dismissed because the service of the notice to quit is a prefiling requirement. If the motion to quash is denied, the case may proceed with the defendant making a general appearance or defaulting. At any rate, jurisdictional issues can be determined at the hearing upon declarations and affidavits without causing inordinate delay of the summary proceedings.