Filed 11/23/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SOFIA BORSUK, | B265613 |
| Petitioner, | (Los Angeles County Super. Ct. No. BS154988) |
| v. | |
| APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| LA HILLCRESTE APARTMENTS, LLC, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate, H. Jay Ford III, Judge.  Petition denied.

Reed Smith, Margaret M. Grignon, Kathy J. Huang and Zareh A. Jaltorossian for Petitioner.

No appearance for Respondent.

Kimball, Tirey & St. John and Chris J. Evans for Real Party in Interest.

We ordered transfer of this case from the Appellate Division of the Los Angeles Superior Court pursuant to California Rules of Court, rule 8.1008. The issue is whether the tenant in an unlawful detainer action may bring a motion to quash service of the summons on the ground that the landlord did not properly serve the three-day notice to pay rent or quit required under the Unlawful Detainer Act.[1] (Code Civ. Proc., §§ 1159-1179a.)[2] We conclude that the tenant may not challenge the allegedly defective service of the three-day notice via a motion to quash service of summons because the three-day notice is an element of an unlawful detainer action. In so holding, we disagree with the broad language of *Delta Imports, Inc. v. Municipal Court* (1983) 146 Cal.App.3d 1033 (*Delta*), which held that a motion to quash service is the only method to challenge whether a complaint states a cause of action for unlawful detainer.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Sofia Borsuk rented an apartment owned by real party in interest LA Hillcreste Apartments, LLC. She agreed to pay rent in the amount of $2,499 on the first of each month. On March 13, 2015, LA Hillcreste filed a complaint in unlawful detainer seeking to evict Borsuk for the alleged non-payment of rent for

---

[1]  "Unlawful detainer is a summary proceeding to determine the right to possession of real property. Generally, in order to take advantage of this summary remedy, the landlord must demonstrate strict compliance with the statutory notice requirements contained in [Code of Civil Procedure] section 1161 et seq., including providing the tenant with three days' written notice to pay rent or quit the premises. The notice to quit must be served personally or, if personal service is not possible, by substituted service. [Citations.]" (*Culver Center Partners East # 1, L.P. v. Baja Fresh Westlake Village, Inc.* (2010) 185 Cal.App.4th 744, 749-750 (*Culver Center*).)

[2]  Unspecified statutory references are to the Civil Procedure Code.

2

the month of March. According to the complaint, LA Hillcreste served a three-day notice to pay rent or quit on Borsuk on March 5, 2015 by "posting a copy on the premises . . . because no person of suitable age or discretion can be found there." The three-day notice stated that Borsuk had failed to pay her rent for the period of March 1 to 31, 2015.

Borsuk filed a motion to quash the service of the summons and the complaint. She argued that the court lacked jurisdiction over her because the landlord "failed to properly serve the three-day notice . . . in the manner prescribed by law." Her husband, Harvey Borsuk, stated in a declaration that, on March 5, 2015, he noticed an "unmarked, unaddressed envelope on the floor at the side of the apartment . . . ." He picked it up several days later and found it contained the three-day notice to pay rent or quit. A "Declaration of Service of Notice to Resident" stated that the three-day notice was served by leaving a copy of the notice at the door. On March 18, 2015, LA Hillcreste's process server gave Mr. Borsuk a copy of the summons and the complaint.

Borsuk's declaration submitted in support of her motion to quash stated that she was never served with the three-day notice or a summons or a complaint.[3] She further stated that she had not been evading service of process and that she could have been reached at her residence if service had been attempted.

The trial court denied the motion to quash. Borsuk filed a petition for writ of mandate in the Appellate Division of the Los Angeles Superior Court. Following the issuance of an alternative writ, the Appellate Division issued a published opinion holding that a motion to quash was "the proper vehicle to raise

---

[3]    Although petitioner's declaration stated that she was never served with the summons or complaint, her motion to quash service and her writ petition do not rely on the allegedly defective service of the summons, but only on the three-day notice.

jurisdictional defects without making a general appearance." (*Borsuk v. Superior Court* (2015) 238 Cal.App.4th Supp. 1, 4.)  The court therefore directed the trial court to vacate its order denying Borsuk's motion to quash and to hold further proceedings.  (*Ibid.*)  One member of the panel, Judge Kumar, authored a concurring opinion in which he agreed that *Delta* controlled the result, but suggested that the decision should be revisited.  (*Id.* at pp. Supp. 5-10 (conc. opn. of Kumar, J.).)  We ordered the matter transferred to this court pursuant to California Rules of Court, rules 8.887 and 8.1008.  As we explain, we agree with Judge Kumar.

## DISCUSSION

"According to the statutes governing unlawful detainer proceedings, '"a tenant is entitled to a three-day notice to pay rent or quit which may be enforced by summary legal proceedings ([]§ 1161) but this notice is valid and enforceable only if the lessor strictly complies with the specifically described notice conditions. ([]§ 1162.)"'  [Citation.]  Stated another way, '[p]roper service on the lessee of a valid three-day notice to pay rent or quit is an essential prerequisite to a judgment declaring a lessor's right to possession under section 1161, subdivision 2. [Citations.]'  [Citation.]  'A lessor must allege and prove proper service of the requisite notice.  [Citations.]  Absent evidence the requisite notice was properly served pursuant to section 1162, no judgment for possession can be obtained. [Citations.]'  [Citation.]"  (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425 (*Palm Property*); see also *Liebovich v. Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513 ["A lessor must strictly comply with the statutorily mandated requirements for service of a three-day notice to pay rent or quit. [Citations.]"] (*Liebovich*).)

4

The requirement that the landlord comply with sections 1161 and 1162 by serving the three-day notice on the tenant is undisputed.  (See *Palm Property*, *supra*, 194 Cal.App.4th at p. 1425.)  The question is whether the tenant may challenge the landlord's alleged failure to comply with this requirement by moving to quash service of summons under section 418.10.  We conclude that the tenant may not, and in doing so we disagree with the leading case on the point, *Delta, supra,* 146 Cal.App.3d 1033.

In *Delta,* the court held that "[u]nder the circumstances of this case," "a tenant in an unlawful detainer action is entitled to quash service of summons where the underlying complaint fails to state a cause of action for unlawful detainer." (*Delta, supra,* 146 Cal.App.3d at pp. 1034-1035.)  In so holding, the court declared that "[a] motion to quash service is the proper method for determining whether the court has acquired personal jurisdiction over the defendant through service of the five-day unlawful detainer summons.  [Citation.]"  (*Id.* at p. 1035.)  The court disagreed with the trial court's view that the defendant's remedy was a demurrer rather than a motion to quash service, stating that "[a] motion to quash service is the only method by which the defendant can test whether the complaint states a cause of action for *unlawful detainer* and, thereby, supports a five-day summons. A general demurrer only tests whether the complaint states a cause of action for *something* even if it is on a theory other than unlawful detainer.  [Citations.] Moreover, if the defendant appears in the action by filing a demurrer, he moots the very point he is seeking to raise.  [Citations.]"  (*Id.* at p. 1036.)

*Delta* "has created confusion . . . among some practitioners as to whether a tenant must challenge an unlawful detainer complaint by demurrer or by motion to quash [citations]."  (*Parsons v. Superior Court* (2007) 149 Cal.App.4th Supp. 1, 5 (*Parsons*); see Cal. Eviction Defense Manual (Cont.Ed.Bar 2d ed. 2015) § 11.28

["*Delta*'s broad language has created confusion and uncertainty among some practitioners."] (Eviction Defense Manual); *id.* § 13.3 [noting that although section 430.10, subd. (e) "includes the failure of a complaint to sufficiently state the cause of action as a ground for demurrer," *Delta* holds that "such a defect must be attacked by a motion to quash rather than a demurrer . . . ."]; Cal. Landlord-Tenant Practice (Cont.Ed.Bar 2d ed. 2015) § 10.20 [stating that *Delta*'s "language is confusing"] (Landlord-Tenant Practice).)  We find *Delta's* language more than merely confusing.  Its broad declaration that a motion to quash is the proper way to contest whether an unlawful detainer complaint states a cause of action, and to challenge service of a notice to pay or quit, is not supportable.

First, *Delta* apparently assumed, without expressly stating, that the court obtains personal jurisdiction over the tenant through the landlord's service of a three-day notice to pay or quit.  That is incorrect.  Personal jurisdiction is conferred by service on the tenant of the unlawful detainer summons and complaint.  (See *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436, 443 ["'[S]ervice of summons is not effective and the court does not acquire jurisdiction of the party unless the statutory requirements for service of summons are met.' [Citations.]"]; Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2015) ¶ 3:130 [the court acquires personal jurisdiction over a defendant "by *service of process* in accordance with statutory and due process requirements"].)

As compared to service of summons, by which the court acquires personal jurisdiction, service of the three-day notice is merely an element of an unlawful detainer cause of  action that must be alleged and proven for the landlord to acquire possession.  (§ 1161, subd. 2; see also *Lacrabere v. Wise* (1904) 141 Cal. 554, 556 ["It is . . . essential to allege the service of [the three-day notice] in the complaint, and, if controverted, prove it on the trial."] (*Lacrabere*); *Palm Property*, *supra*, 194

6

Cal.App.4th at p. 1425 ["'A lessor must allege and prove proper service of the requisite notice. [Citations.]'"]; *Kruger v. Reyes* (2014) 232 Cal.App.4th Supp. 10, 16 ["The basic elements of unlawful detainer for nonpayment of rent contained in Code of Civil Procedure section 1161, subdivision 2, are (1) the tenant is in possession of the premises; (2) that possession is without permission; (3) the tenant is in default for nonpayment of rent; (4) the tenant has been properly served with a written three-day notice; and (5) the default continues after the three-day notice period has elapsed."].) Those courts and treatises that have, in the wake of *Delta,* described the service of the three-day notice as jurisdictional are incorrect. (See, e.g., *Parsons*, *supra*, 149 Cal.App.4th at p. Supp. 7 [describing service of a proper notice to quit as a jurisdictional fact alleged in the complaint]; Wiseman & Reese, Cal. Practice Guide: Civil Procedure Before Trial, Claims & Defenses (The Rutter Group 2015) ¶ 11:324 [citing *Delta* for proposition that unlawful detainer complaint failing to allege compliance with notice requirement does not subject defendant to court's personal jurisdiction]; Eviction Defense Manual, *supra*, § 13.13A [describing the notice as a jurisdictional prerequisite, relying on *Delta* and *Parsons*]; Landlord-Tenant Practice, *supra*, § 10.11 ["Because strict compliance with the specifically prescribed notice conditions is a condition precedent to bringing an unlawful detainer, lack of compliance with the jurisdictional prerequisites is properly tested by a motion to quash."].)

Second, in approving the use of a motion to quash to challenge an unlawful detainer complaint and service of a notice to pay or quit, *Delta* shunted aside the limitations of a motion to quash under section 418.10. Section 418.10 provides that a defendant may file a motion "[t]o quash service of summons *on the ground of lack of jurisdiction* of the court over him or her." (§ 418.10, subd. (a)(1), italics added; see § 1167.4 [addressing filing deadlines for a defendant's motion to quash

7

service in unlawful detainer actions].)  "[O]n a motion to quash the issue before the trial court and on review is 'strictly limited to the question of jurisdiction over the defendant.' [¶] . . . [¶] [A] motion to quash, like most pretrial motions made in civil cases, does not involve a determination of facts related to the merits of the case.  [Citations.]" (*School Dist. of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1132-1133; see also *Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, 1360 (*Kroopf*) ["'Determination of the *merits* of the complaint [is] not within the scope of the issues raised by the motion.  [Fn. omitted.]' [Citation.]"].)  "Thus a motion to quash does not serve the function of a demurrer as to whether the complaint states a cause of action." (*Kroopf*, *supra*, 183 Cal.App.3d at p. 1360.) Yet, by authorizing a motion to quash to challenge an unlawful detainer complaint and service of a notice to pay or quit (which is an element of the unlawful detainer cause of action), *Delta* authorized the use of the motion to determine facts going to the merits of the case.  In short, *Delta* expanded the scope of a motion to quash beyond its purpose.[4]

Third, the cases on which *Delta* relied – *Greene v. Municipal Court* (1975) 51 Cal.App.3d 446 and *Castle Park No. 5 v. Katherine* (1979) 91 Cal.App.3d

---

[4]  We further note that "[a] motion to quash is frequently decided on factual evidence . . . ." (Landlord-Tenant Practice, *supra*, § 10.12; see also Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2015) ¶ 3:387 ["Jurisdictional facts must be proved by competent evidence at the hearing on the motion to quash."].)  Moreover, the California Supreme Court has explained that where service of the three-day notice is controverted, "the best evidence must be produced which the nature of the transaction will permit; the testimony of witnesses given in open court where the adverse party may have an opportunity of cross-examination." (*Lacrabere*, *supra*, 141 Cal. at p. 556.)  The use of a motion to quash to challenge the validity of the three-day notice therefore may lead to evidentiary hearings and mini-trials before the case is adjudicated, undermining the summary nature of the unlawful detainer proceeding. (See *Culver Center*, *supra*, 185 Cal.App.4th at p. 749 [describing unlawful detainer as a "summary proceeding to determine the right to possession of real property"].)

8

Supp. 6 – do not support *Delta's* assertion that a motion to quash is the proper method to challenge either the validity of an unlawful detainer complaint or service of the underlying notice in unlawful detainer actions. In *Greene, supra,* the complaint and the written agreement appended to the complaint established a relationship between the plaintiff and the defendants of "seller and buyer in a conditional sale of real property," not of lessor and lessee. (51 Cal.App.3d at p. 450.) Because the complaint on its face did not "allege a situation to which the remedy of unlawful detainer applies," it did not state a cause of action within the subject matter jurisdiction of the municipal court. (*Ibid.*) The court thus concluded that the five-day unlawful detainer summons was invalid and reversed the judgment of the municipal court. (*Id.* at p. 448.) *Greene* did not examine the merits of the underlying complaint in determining that the municipal court lacked jurisdiction and therefore does not stand for the proposition that a motion to quash is the proper method to challenge the merits of the complaint. Nor does *Greene* support the notion that the service of the three-day notice may be challenged in a motion to quash.

In *Castle Park, supra,* the issue was "whether a landlord who terminates a month-to-month tenancy may recover rent for the period prior to the termination in an unlawful detainer proceeding." (*Castle Park*, *supra*, 91 Cal.App.3d at p. Supp. 9.) *Castle Park* merely cited *Greene* for the proposition that "[w]hen a complaint seeks relief beyond that authorized under the unlawful detainer statutes, the five-day summons is improper. [Citation.]" (*Id.* at p. Supp. 8, fn. 1.) Thus it, too, is not authority for the proposition that a motion to quash may be used to challenge service of a notice to pay rent or vacate.

Fourth, to the extent *Delta* analyzed whether a motion to quash is the proper vehicle to challenge the facial validity of an unlawful detainer complaint or service

of a notice to pay or quit, that analysis does not withstand scrutiny.  In *Delta,* the unlawful detainer complaint failed to allege service of a notice to pay rent or quit.  In that context, the court rejected the notion that a tenant should demur to the complaint rather than move to quash, reasoning:  "A general demurrer only tests whether the complaint states a cause of action for *something* even if it is on a theory other than unlawful detainer.  [Citations.]  Moreover, if the defendant appears in the action by filing a demurrer, he moots the very point [personal jurisdiction] he is seeking to raise."  (146 Cal.App.3d at p. 1036.)

This reasoning begs the question.  If the landlord has properly served the summons and unlawful detainer complaint, the court necessarily has acquired personal jurisdiction over the tenant, regardless of whether the unlawful detainer claim is joined with other claims and regardless of whether, as it did at the time of *Delta,* the filing of a demurrer constituted a general appearance.  Further, even if *Delta's* concern that filing a demurrer would moot the issue of personal jurisdiction was valid when *Delta* was decided, that concern is now unfounded in light of the 2002 amendment of section 418.10 to add subdivision (e).  (See *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 420.)[5]  Under

---

[5]    Subdivision (e) provides:  "A defendant or cross-defendant may make a motion under this section and simultaneously answer, demur, or move to strike the complaint or cross-complaint.  [¶]  (1) Notwithstanding Section 1014, no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section.  If the court denies the motion made under this section, the defendant or cross-defendant is not deemed to have generally appeared until entry of the order denying the motion.  [¶] (2)  If the motion made under this section is denied and the defendant or cross-defendant petitions for a writ of mandate pursuant to subdivision (c), the defendant or cross-defendant is not deemed to have generally appeared until the proceedings on the writ petition have finally concluded.  [¶]  (3)  Failure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issues of lack

that amendment, if a party files a motion to quash for lack of personal jurisdiction "before or simultaneously with an act that would otherwise constitute a general appearance, under subdivision (e) of section 418.10 that party will *not* be deemed to have 'generally appeared' in the action, but instead will be deemed to have 'specially appeared' and not waived the party's jurisdictional challenge." (*Id.* at p. 426.)

Finally, besides the flaws in *Delta*'s reasoning and its broad language, the actual holding of the case is limited. Though the court's discussion purported to state a general rule regarding use of a motion to quash, the court's specific holding was: "This appeal raises the issue of whether a tenant in an unlawful detainer action is entitled to quash service of summons where the underlying complaint fails to state a cause of action for unlawful detainer. *Under the circumstances of this case*, we hold in the affirmative . . . ." (*Delta*, *supra*, 146 Cal.App.3d at pp. 1034-1035, italics added.)

Thus, the holding of *Delta* (despite the decision's all encompassing language) is limited to the circumstances in *Delta*. Those circumstances were that the complaint failed to allege proper service of a notice to pay or quit. (*Delta*, *supra*, 146 Cal.App.3d at p. 1036.) It was thus defective on its face because it contained "none of the required allegations regarding notice. It merely allege[d] that, 'More than 3 days and more than 30 days have lapsed since the Defendants were given notice . . . .' There [was] no allegation that the notice was in writing, that it specified the alleged breaches of the lease or that it unequivocally demanded possession." (*Ibid.*)

---

of personal jurisdiction, inadequacy of process, inadequacy of service of process, inconvenient forum, and delay in prosecution."

11

By contrast, in the instant case, there is no dispute that the unlawful detainer complaint is valid on its face. The complaint is a Judicial Council form, and the boxes are checked indicating that the requisite three-day notice was served in compliance with the statutory scheme. Thus, even if the specific holding of *Delta* were supportable (it is not), it would not govern here. For the foregoing reasons, we disagree with *Delta* and hold that a motion to quash service of summons is not the proper remedy to test whether a complaint states a cause of action for unlawful detainer or service of a notice to pay or quit.

To avoid this conclusion, and contend that service of the notice to pay or quit is jurisdictional, petitioner refers to cases describing service of the three-day notice as "an essential prerequisite to a judgment declaring a lessor's right to possession under section 1161, subdivision 2. [Citations.]" (*Liebovich, supra*, 56 Cal.App.4th at p. 513; see also *Lacrabere*, *supra*, 141 Cal. at p. 556 ["It is an essential prerequisite to the maintenance of an action for unlawful detainer, under section 1161 of the Code of Civil Procedure, that a three days' notice . . . should be served upon the defendants, as subdivision 2 of that section requires."]; *Palm Property*, *supra*, 194 Cal.App.4th at p. 1425 [quoting *Liebovich*'s language that proper service of the three-day notice is an essential prerequisite to a judgment for possession].) We do not disagree with these statements: service of the three-day notice *is* an essential prerequisite to an unlawful detainer action. But that is because it is an element, not because it confers personal jurisdiction over the tenant.[6] In other words, the fact that the three-day notice must be "allege[d] . . . in

---

[6] We note as well that these decisions did not involve a motion to quash. *Liebovich* was an appeal from the judgment in favor of the landlord, and *Lacrabere* was an appeal from the denial of the lessees' motion for a nonsuit. (*Liebovich*, *supra*, 56 Cal.App.4th at p. 512; *Lacrabere*, *supra*, 141 Cal. at p. 555; see also *Palm Property*, *supra*, 194 Cal.App.4th at p. 1421 [appeal from judgment in favor of lessors].)

12

the complaint, and, if controverted, prove[n] [at] trial" does not transform the requirement into a jurisdictional prerequisite. (*Lacrabere*, *supra*, 141 Cal. at p. 556.)

For similar reasons, petitioner's reliance on three statutory provisions is unavailing. Petitioner observes that under section 1162, which sets forth the requirements for serving the three-day notice, the manner of serving the three-day notice is similar to service of a summons. Petitioner also relies on section 1166, subdivision (a)(5), which states in pertinent part that the unlawful detainer complaint must "[s]tate specifically the method used to serve the defendant with" the three-day notice. (§ 1166, subd. (a)(5).) Finally, petitioner refers to section 415.45, subdivision (a)(1), which permits posting of an unlawful detainer summons if the landlord provides an affidavit establishing that the party cannot be served and that "[a] cause of action exists against the party . . . ." (§ 415.45, subd. (a)(1); see *Board of Trustees of Leland Stanford Junior University v. Ham* (2013) 216 Cal.App.4th 330, 333 [permitting service by posting under section 415.45 where, "in the particular circumstances presented, the landlord . . . exercised reasonable diligence in attempting to serve appellant."].) Petitioner contends that this provision establishes that an unlawful detainer action may not be started unless the plaintiff demonstrates that a cause of action exists.

These provisions, considered alone or in combination, do not suggest that service of the three day notice confers personal jurisdiction or that a motion to quash service of the summons is the proper vehicle to raise a factual challenge to the service of the three-day notice. There is no dispute that the three-day notice is, as petitioner asserts, "foundational." Nor is there any dispute that the landlord must establish service of the three-day notice in order to obtain a judgment for

13

possession. The issue is not the necessity of the three-day notice, but when and how the defendant may raise a factual challenge to the service of the three-day notice. For the reasons we have stated, we conclude that a motion to quash is not the proper vehicle.[7]

**DISPOSITION**

The petition for writ of mandate is denied.

**CERTIFIED FOR PUBLICATION**

WILLHITE, J.

We concur:

EPSTEIN, P. J.              MANELLA, J.

---

[7] A tenant may attack the legal sufficiency of an unlawful detainer complaint by demurrer or motion to strike, "depending on the defect attacked." (Eviction Defense Manual, *supra*, § 13.1.) Or "it may be preferable to move for summary judgment." (*Ibid.*; see also Landlord-Tenant Practice, *supra*, § 10.12 ["A complaint that fails to allege facts essential to an unlawful detainer cause of action may . . . be attacked by a demurrer."]; *id.*, § 10.14 ["An unlawful detainer action that demands relief unauthorized by the summary unlawful detainer procedures may also be challenged by a motion to strike the improper allegations."]; *id.*, § 11.31 ["A tenant . . . who wishes to end the unlawful detainer action before trial may move for summary judgment, on the . . . ground that the action has no merit . . . ."].)