Filed 1/29/14  Marriage of Chilton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re the Marriage of SHELLEY and MICHAEL CHILTON. | 2d Civil No. B245836 (Super. Ct. No. SD 031359) (Ventura County) |
| SHELLEY CHILTON,<br><br>    Appellant,<br><br>v.<br><br>MICHAEL CHILTON,<br><br>    Respondent. | |

After eight years of "incessant, unending" child custody litigation, the trial court awarded Shelley Chilton (Mother) primary physical custody of the parties' oldest child and allowed Michael Chilton (Father) to move to Florida with the younger child. Mother contends the court abused its discretion by refusing to hold an evidentiary hearing under Family Code section 217.[1]  We conclude that the court established good cause to deny the hearing, and that even if it did not, Mother has failed to demonstrate a reasonable probability that an evidentiary hearing would have changed the result.  We affirm.

---

[1] All statutory references are to the Family Code unless otherwise stated.

FACTS AND PROCEDURAL BACKGROUND

The parties were married in 1994.  They separated 10 years later, when their sons, W. and A., were ages 7 and 4, respectively.  In 2009, following a six-day trial, the court awarded the parties joint legal and physical custody of both children.  The order was modified several times, primarily because the children "ignored the [c]ourt's orders for custody and visitation, notwithstanding the best efforts of their therapists and their attorneys."

Shortly after the original custody order was entered, A. ran away from Mother and began living with Father.  A. has since refused to communicate with Mother.  In 2010, W. stopped communicating with Father, and Mother was awarded sole physical custody of W.  A year later, W. ran away from Mother's home, refused to communicate with her, and began living with Father.  The court subsequently appointed counsel for each child.  It also appointed therapists to provide reunification services.

W. resumed contact with Mother in May 2012.  Two months later, Father filed notice of his intent to relocate to Florida with both children, who were then 15 and 12.  Mother sought an order enjoining the move.  She also opposed Father's suggestion that W. be given the option of moving, arguing it would be detrimental to separate the siblings.  Over the next several months, the parties exchanged numerous briefs, declarations and evidentiary objections.  No evidentiary hearing was requested.

The child custody mediator, Rachel Curtis, recommended a new custody evaluation.  Pending that evaluation, she proposed that the children remain in Ventura County.  She also suggested alternative custody schemes (including reunification therapy for A.), depending upon whether Father moved to Florida or stayed in California.  The parties, including minor's counsel, agreed that a custody re-evaluation was unnecessary.

After considering the mediator's recommendations, the trial court announced its tentative decision to separate the children.  Mother requested an evidentiary hearing under section 217.  The court inquired:  "[W]hat information about this case would you expect me to learn at an evidentiary hearing that I don't already know?"  Mother's counsel said it would be helpful to hear evidence from the mediator,

2

the parties and perhaps one of the therapists. Counsel for Father and the two children said they had nothing further to offer.

The trial court issued its final ruling the following day. First, it made detailed findings supporting its denial of an evidentiary hearing. It then explained the extraordinary circumstances justifying separation of the siblings. It observed that A. has no wish to communicate with his mother or therapists, and that "[o]ver a period of years, every possible effort has been made to alter this stalemate without any success or hope of success." The court stated: "None of us know what might happen if [A.] were forced to live with mother at this juncture. I do not want to find out at [his] expense."

The trial court found that "[i]f there is any hope of having [W.] develop a successful relationship with both parents, the Court's only option is to place him with mother in California during the school year." It noted that "each of the boys has become empowered, encouraged in large part by the demonstrations of empowerment by the other." It determined that "giving them the . . . society and companionship . . . of each other over the eight years since the date of their parents' separation has had a negative, rather than a positive [e]ffect on their respective relationships . . . with each of their parents."

Lastly, the trial court outlined its reasons for approving the move away. It stated that notwithstanding the original 50/50 parenting plan, Father has become A.'s de facto sole custodial parent and W.'s primary custodial parent and, as such, has a presumptive right to move with the children. It found that Father's decision to move was made in good faith, but reiterated it would be detrimental to W.'s relationship with Mother if he moved to Florida. Consequently, the court awarded sole legal and physical custody of A. to Father and primary custody of W. to Mother, with W. to spend summers and school breaks with Father in Florida. It denied Mother's request for a stay of the order. Mother appeals.

We denied Mother's petition for writ of supersedeas. Father and A. moved to Florida. W. elected to join them and is now attending school there.

## DISCUSSION

### *Denial of Evidentiary Hearing*

Mother contends the trial court abused its discretion by failing to hold an evidentiary hearing on Father's request to move to Florida with the children. We disagree.

A party generally has a right to call witnesses to testify at a family law proceeding. (§ 217; *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1345, 1356-1357.) Pursuant to section 217, the trial court must receive relevant live testimony, absent good cause for refusing such testimony. (*Id.* subds. (a), (b); see Cal. Rules of Court, rule 5.113 (formerly rule 5.119).)[2] A party seeking to present live testimony from witnesses, other than a party, must "file and serve a witness list with a brief description of the anticipated testimony," and if the party fails to do so, the court may grant a brief continuance for this purpose. (§ 217, subd. (c).) If the court ascertains there is good cause to deny the receipt of live testimony, it must state its reasons for this finding. (*Id.* subd. (b).)

At the time of the hearing, rule 5.119(b) set forth the factors the court must consider in deciding whether good cause exists to refuse live testimony under section 217: "(1) Whether a substantive matter is at issue . . . .; [¶] (2) Whether material facts are in controversy; [¶] (3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses; [¶] (4) The right of the parties to question anyone submitting reports or other information to the court; [¶] (5) In testimony from persons other than the parties, whether there has been compliance with Family Code section 217(c); and [¶] (6) Any other factor that is just and equitable."

After weighing all of these factors, the trial court found good cause to decline to hear live testimony. (See § 217, subd. (b).) It explained: "This case has been assigned to me for many years. The Court file is now in 14 volumes. I have hundreds of pages of notes. I have read the parties' recent declarations and heard oral argument of all four attorneys yesterday. [¶] At this stage I have no need to assess the credibility of any

---

**2** All further references to rules are to the California Rules of Court.

4

witnesses or to adjudicate any material facts as the material facts of this case are well known to me. This is now purely a case of what decisions are to be made based upon the application of appropriate legal principles." The court stressed that the children "have been in the middle of their parents['] constant custody and visitation litigation since this action was filed more than eight years ago . . . . [¶] By constant litigation the Court means incessant, unending and without pause. For the boys this has meant therapy sessions, mediations, evaluations and power struggles in which they have become irrevocably [en]meshed." It concluded that an evidentiary hearing would merely prolong this battle while producing little new evidence and "lead to even more animosity among the four people who are at the center of this dispute."

Mother concedes the trial court considered each of the factors in rule 5.119, but claims an evidentiary hearing was required because she did not have adequate notice of the possibility of separating the children. The record is to the contrary. Mother filed a declaration four months earlier acknowledging Father's intent "to relocate with the minor children to Florida, although perhaps only with [A.]." She subsequently submitted a declaration and points and authorities specifically opposing any separation of the children.

Mother contends that, at a minimum, the trial court was required to hear live testimony from the parties and the mediator. The court has broad discretion, however, to exclude evidence that is irrelevant, cumulative or overly time consuming. (Evid. Code, §§ 350, 352; *Houghtaling v. Superior Court* (1993) 17 Cal.App.4th 1128, 1138.) The court found that it needed no additional information from the parties, who had filed more than 350 pages of documents in support of their respective positions. The court further determined that "formal cross-examination of the [mediator] is unnecessary to the process, as I am intending to make orders based not upon her recommendation but upon the landscape of this case as it is known to me, the declarations of the parties filed over the last four months and the comments and arguments of the attorneys made yesterday." Counsel for Father and the children agreed that no further evidence was necessary, and Mother's counsel was unable to identify any new, relevant information

5

that would be adduced during live testimony.  The trial court's decision to deny an evidentiary hearing under these circumstances was within the sound exercise of its discretion.  (See § 217; *In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1385.)

Even assuming an evidentiary hearing was required, Mother has not demonstrated a "'miscarriage of justice' -- that is, that a different result would have been probable if the error had not occurred."  (*Zhou v. Unisource Worldwide, Inc.* (2007) 157 Cal.App.4th 1471, 1480; *City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29, 51-52.)  "A judgment cannot be set aside on the ground that the court erroneously excluded evidence unless the substance, purpose and relevance of the excluded evidence were made known to the court by an offer of proof or by other means."  (*Gordon v. Nissan Motor Co., Ltd.* (2009) 170 Cal.App.4th 1103, 1113.)  Because no such offer was made, we cannot assess whether a different result would have been reasonably probable had additional evidence been allowed.  (See *Magic Kitchen LLC v. Good Things Intern. Ltd*. (2007) 153 Cal.App.4th 1144, 1164-1165.)

The trial court considered the parties' declarations and the mediator's recommendations.  There is nothing to suggest anything would have been gained by their live testimony.  Indeed, Mother concedes that "[i]t may be that, even after hearing the testimony of the mediator and the parties, as well as whatever other persons the trial court allowed the parties to call, the same decision would have been made."  The mere possibility of a different result is insufficient to justify reversal.  (*People v. Gray* (2005) 37 Cal.4th 168, 230; *In re Esmeralda S.* (2008) 165 Cal.App.4th 84, 96.)

*Motion for Sanctions on Appeal*

Father moves for monetary sanctions against Mother and her counsel for pursuing a frivolous appeal and violating appellate court rules.  (See rule 8.276.)  Although we have rejected Mother's appellate claims, we do not find that she prosecuted the appeal for an improper motive or that her claims are so bereft of substance as to meet the stringent standards set by our Supreme Court for deeming an appeal frivolous.  (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-651.)  We also do not find any

6

significant violation of court rules.  (See rule 8.276(a)(4).)  Accordingly, the motion is denied.

DISPOSITION

The order is affirmed.  Father is awarded his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


7

John R. Smiley, Judge

Superior Court County of Ventura

_____

Taylor, McCord, Praver & Cherry, Patrick G. Cherry for Appellant.

Law Office of Karen J. Segel, Karen J. Segel for Respondent.